WILLIAM THOMPSON AND JOHN PICKELL, PLAINTIFFS IN ERROR, *v.* LEWIS ROBERTS, GIDEON R. BURBANK, AND ADDISON ROBERTS.

The general rule of law is, that the judgment of a court of law or a decree of a court of equity, directly upon the same point and between the same parties, is good as a plea in bar, and conclusive when given in evidence in a subsequent suit.

Where the court left it to the jury to say whether the defence made at law was the same which was made in a prior equity suit, this error, if it be one, does not invalidate the judgment of the court below.

The parties to the suit at law having been parties to the suit in equity, the subject-matter and defence being the same, it is not a sufficient objection to the introduction of the record in the equity suit that other persons were parties to the latter.

No good reason can be given why the parties to the suit at law who litigated the same question should not be concluded by the decree because others, having an interest in the question or subject-matter, were admitted by the practice of a court of chancery to assist on both sides.

*Thompson et al. v. Roberts et al.*

THIS case was brought up by writ of error from the Circuit Court of the United States for the district of Maryland.

In consequence of some negotiations relative to coal lands, and their eventual purchase by Pickell and Thompson, they executed to Mr. Smith the following notes:

*Promissory Note No. 1.*

BALTIMORE, *June* 2, 1853.

On the 31st of December, 1856, we promise to pay William H. Smith, or order, two thousand dollars, with interest from July 20, 1853. Value received.

$2,000.00.                        JOHN PICKELL.
                                  WM. THOMPSON.

(Endorsed:) WM. H. SMITH.

*Promissory Note No. 2.*

BALTIMORE, *June* 2, 1853.

On the first day of July, in the year 1856, we promise to pay William H. Smith, or order, two thousand dollars, with interest from July 20, 1853. Value received.

$2,000.00.                        JOHN PICKELL.
                                  WM. THOMPSON.

(Endorsed:) WM. H. SMITH.

The time for the payment of these notes was afterwards, by agreement, extended to 15th January, 1857.

On the 12th of July, 1853, Thompson and Pickell executed a mortgage of the property purchased to Smith, for the purpose of securing the payment of the purchase money, of which the notes were only a part.

On the 2d of October, 1856, Smith assigned the mortgage, as also the two notes in question, to Lewis Roberts, Gideon R. Burbank, and Addison Roberts.

The next step in the proceedings was the filing of a bill in the Circuit Court of the United States for the district of Maryland for the foreclosure of the mortgage. To this bill the following were the parties:

William H. Smith, of the city of Richmond, and State of Virginia, and a citizen of the said State of Virginia, and Lewis Roberts, Gideon R. Burbank, and Addison F. Roberts, of the city of New York, and State of New York, and citizens of

said State of New York, bring this their bill of complaint against William Thompson, a citizen of the State of Maryland, and residing in the city of Baltimore, in the said State, and John Pickell, a citizen of the said State of Maryland, and residing in Alleghany county, in said State, and the Pickell Mining Company, incorporated by the laws of the said State of Maryland, mining and transacting business in Alleghany county, in said State, and having an office for the dispatch of business in the city of Baltimore, in said State.

The Pickell Mining Company were made a party because, as the bill alleged, Thompson and Pickell had, since the date of the mortgage, assigned their equity of redemption to that company.

This gave rise to a protracted and warmly-contested litigation, the defendants alleging that Smith had represented the land to contain at least three hundred acres of the big vein of coal, whereas it did not contain more than one hundred and fifty.

It is not necessary to state the evidence taken on both sides.

On the 31st of October, 1857, whilst this controversy was pending in chancery, the defendants in error brought a suit on the common-law side of the court upon the two notes above mentioned, which is the present case.

In April, 1858, the court on the equity side decreed a sale of a part of the mortgaged property, but the most valuable part of it was excepted, so that the residue was not worth the debt. The suit at law therefore went on.

In November, 1858, the case came up for trial. The defendants offered a part of the chancery record for the purpose of showing that the plaintiffs were not holders of the notes for value, when the plaintiffs offered the entire record, and insisted that the decree was conclusive, and estopped the defendants from again alleging the same matter as a defence to the suit at law on the notes.

Four long prayers were made to the court on each side, which were all rejected, and the following instructions given to the jury:

If the jury shall find from the evidence that the promissory

notes offered in evidence in this case were duly executed and delivered by the said defendants to W⋯iam H. Smith, and by him endorsed over to the said plaintiff for value; and that in the cause on the equity side of this court, in which the said plaintiffs, with the said Smith, were complainants, and the said Thompson and Pickell, with the Pickell Mining Company, were defendants, (the record of which has been offered in evidence,) the same defence was made and set up in said cause to prevent the passage of a decree for the sale of the said lands to pay the said notes as is now made to prevent a recovery in this case, then the decree passed in that case is conclusive upon the point of this defence, and the plaintiffs are entitled to recover in this action.

To which said rejection of the prayers offered on the part of plaintiffs the said plaintiffs prayed leave to except, and the said defendants prayed leave to except to the rejection of the prayers as offered by the defendants, and to the instruction given by the court to the jury, and the said parties, plaintiffs and defendants, prayed the court to sign and seal this their several bill of exceptions; which is accordingly done this 18th November, 1858.

WILLIAM F. GILES. [SEAL.]

It was argued by *Mr. Mayer*, upon a brief filed by himself and *Mr. Washington Yellott*, for the plaintiffs in error, and by *Mr. Alexander* for the defendants.

The arguments upon both sides necessarily included comments upon the prayers rejected by the court below, as well as upon the instructions which were given. Our notice will be confined to the latter.

*Mr. Mayer* made the following points:
But as to the instruction, the plaintiffs in error maintain—
I. It submits to the jury the whole question of the identity of the defences taken in this suit and in the equity case in the United States court, which question, on the contrary, is, it is contended, one of law and fact; in regard, too, to which, the

court should at least have specified the particular point of defence to which they referred.

2 Johns. R., 29, 30, 210; 16 Id., 136.

1 Esp. R., 43; 1 East., 355.

3 B. and Cr., 239; [10 E. C. L., 62.]

II. It was for the court, on that question of the defences, to compare the respective defences; and on such comparison it will appear that they do not coincide; and the court should therefore have refused to leave to the jury the inquiry as to the identity of defence. The defence in the equity suit was only that the land was represented by Smith to contain 300 acres of the "big-vein" coal, and proved to have only 150—an allegation which might imply that such was only Smith's opinion, and certainly did not necessarily import that he had made an ascertainment by survey. The defence, on the other hand, taken in the present suit, is, that Smith was guilty of actua fraud, and had asserted what, by his own examination, he knew was false.

2 Gall., 229, 230.

17 Peck., 7—14.

1 Greenl. Ev., secs. 528—534.

III. The instruction was erroneous, because, even assuming that the defence of fraud was taken in the equity suit, the decree there is not to be understood as determining or at all considering that defence. In that suit, *in rem*, it was not an appropriate defence and could not have availed, since, whether there were fraud or no fraud, the land, inferior in coal value as it might be, ought to have been charged with the purchase-money debt, under the mortgage. The personal liability on the notes is a distinct question. The sale upon the mortgage was inevitable; and for any amount reclaimable for the misrepresentation of the purchase money paid, the remedy was against the proceeds of sales under the mortgage decree.

1 Greenl. Ev., sec. 528.

2 Gall., 229, 230.

1 Peters C. C. R., 203.

3 Day's R., 138; 8 Conn., 268.

3 Simons, 447; 4 Irish Ch. R., 75.

*Thompson et al. v. Roberts et al.*

IV. Identity of defences does not bear on the defendants in this suit and preclude the bar now set up, because they were not necessary nor proper parties to the equity suit, all their estate in the land to be affected by that proceeding having been conveyed to the party defendant there, the Pickell Mining Company, as the very bill confesses.

Calont on Part., 181, [17 Law Lib.]

V. The defence and testimony in the equity case were not between the same parties as the parties to this suit, and cannot operate against the defendants here, as *res judicata*, by virtue of the equity decree.

6 Peters, 328.
1 Wash. C. C. R., 70—75.
4 Wash. C. C. R., 186, 187, 188.
1 Paine C. C. R., 548.
2 Gall., 228; 1 Munf., 398.

Upon this branch of the case, *Mr. Alexander* made the following points:

The verdict being for the plaintiffs below, establishes the identity of the defences in the two causes; so that it is presumed the only subject for inquiry is, whether the decree of the court of equity on the matter of a defence taken in a proceeding *in rem*, to enforce payment of a debt by sale of the pledge, is conclusive on the same matter offered as a defence in an action *in personam*, for recovery of the same debt. The defendants in error maintain the affirmative on this question.

To render the decree conclusive, it is sufficient that there exists identity of matter in issue, and of parties.

The identity of the matter in issue is established by the verdict. As to parties there can be no question.

The leading cases on the subject are—

2 Smith's Leading Cases, 424, Duchess of Kingston's Case.

3 East., 346, Outram *v.* Morewood.

12 Md., 564, Beall *v.* Pearce.

In addition to which it will be sufficient to refer to 6 Wheat., 109, Hopkins *v.* Lee. Lee sued Hopkins on a covenant to

convey. Hopkins pleaded that he had not performed a condition on which the conveyance was to be made; a decree in favor of Lee in a cause instituted against him by Hopkins, to enforce performance of that condition, was adjudged to be conclusive on the point of performance.

1 How., 134, Bank of United States *v.* Beverly.

7 How., 198, Smith *v.* Kernochen.

Mr. Justice GRIER delivered the opinion of the court.

The defendants in error were plaintiffs below, and brought this suit as endorsees of two notes given by the plaintiffs in error to William H. Smith. These notes were given in part payment of some tracts of coal land sold and conveyed to Thompson and Pickell by Smith, and the defence endeavored to be established on the trial was a want of consideration, in that Smith had falsely represented the lands to contain 300 acres of "big-vein" coal, when in fact they contained but 150 acres. A mortgage had been given to secure these notes; a bill had been filed in chancery to foreclose this mortgage, in which Smith, the assignor, and Roberts and others, the equitable assignees of the mortgage, and endorsees of these notes, were complainants, and Thompson and Pickell, together with their assignees, the Pickell Mining Company, were respondents. They put in a joint and several answer admitting the execution of the notes and mortgage, and alleging as a defence the representations made by Smith, by which Thompson and Pickell were induced to purchase the lands, supposing them to contain 300 acres of the "big-vein" coal, when in fact, as they afterwards discovered, the lands contained but 150 acres of the same. For this reason, and "because they did not receive a valuable consideration for said notes or mortgage, respondents aver that plaintiffs are not entitled to demand payment of them, or any part of them, but the same are to be regarded as absolutely void."

This case was fully heard by the chancellor on the pleadings and evidence, who overruled the defence set up, and decreed a sale of the mortgaged premises. The record of that case was put in evidence on the trial of this case by the defendants

below, for the purpose, as they alleged, "of showing that the plaintiffs were not holders for value."

They offered for that purpose a part only of the record. Whereupon the plaintiffs gave in evidence the entire record, and insisted that the decree is conclusive, and estops the defendants from again alleging the same matter as a defence to the suit at law on the notes. The evidence was, however, again presented to the jury, without a waiver of plaintiffs' right to treat the decree as an estoppel.

The court rejected a number of prayers offered by each party, and gave the following instruction to the jury, which is the subject of exception:

"If the jury shall find from the evidence that the promissory notes offered in evidence in this case were duly executed and delivered by the said defendants to William H. Smith, and by him endorsed over to the said plaintiffs for value; and that in the cause on the equity side of this court, in which the said plaintiffs, with the said Smith, were complainants, and the said Thompson and Pickell, with the Pickell Mining Company, were defendants, (the record of which has been offered in evidence,) the same defence was made and set up in said cause to prevent the passage of a decree for the sale of the said lands to pay the said notes as is now made to prevent a recovery in this case, then the decree passed in that case is conclusive upon the point of this defence, and the plaintiffs are entitled to recover in this action."

The plaintiffs in error have not called in question the correctness of the general principle of law assumed by the court below, viz: "that the judgment of a court of law, or a decree of a court of equity, directly upon the same point, and between the same parties, is good as a plea in bar, and conclusive when given in evidence in a subsequent suit."

But it is objected to this instruction, that it submits as a question of fact to the jury what ought to have been decided by the court as matter of law from the face of the record produced. This, if an error, was one favorable to the plaintiffs in error, as it gave them the chance of a verdict on a point which, if decided by the court, must have been decided against

them; for the record shows conclusively that the very same defence against these notes was the only point in dispute in the court of equity, to wit, whether plaintiffs in error were " *deceived* by" the alleged misrepresentations of Smith, fraudulent or otherwise, and whether the notes were therefore " without consideration," and " absolutely void."

The objection that the parties were not the same in both suits cannot be sustained.

Both parties to this litigation were parties in that suit; the subject-matter was the same; the defence now set up was the same which the pleadings and the evidence show to have been adjudicated in the court of chancery.

It is true, Smith, who endorsed the notes to the plaintiffs below, and who was interested in the question, was joined as complainant, and the Pickell Mining Company, who had purchased the mortgaged property, were made respondents, according to the practice in courts of chancery, where all parties having an interest in the question to be tried are made parties, that the decree may be final as to all the matters in litigation. No good reason can be given why the parties in this case, who litigated the same question, should not be concluded by the decree, because others having an interest in the question or subject-matter were admitted by the practice of a court of chancery to assist on both sides.

The question as between the present parties is *res judicata*, and none the less binding because others are concluded also. A contrary doctrine would sacrifice a wholesome principle of law to a mere technical rule having no foundation in reason; making a distinction where there is no difference.

Such was the ruling of the court in the case of Lawrence *v.* Hunt, (10 Wendell, 82,) where it was objected that in the former suit there was another plaintiff joined. Where the former suit was at law, this objection might have some weight, for it could not well be said that a contract of A and B with D and C was the same as that in another suit where A was sole plaintiff and D sole defendant. But this objection cannot apply where the first issue is in chancery, and parties collaterally interested are made parties to the litigation, that it may be

final, and not because they were legal parties to the original contract on which the litigation is founded. In such a case the pleadings may show the contract or subject-matter of the litigation to be the very same, and directly in issue; in the other, it could not be well so. As we are of opinion that there was no error in this instruction, it will not be necessary to notice the other points alluded to in the argument, this one being conclusive of the whole case.

The judgment of the Circuit Court is therefore affirmed, with costs.