LUMBER  COMPANY  v.  BUCHTEL.

In a suit against B. upon his contract guaranteeing the payment of the purchase-money of certain land, A. recovered judgment for the first instalment. In a subsequent suit for the remaining ones, B. set up the same defence as in the first suit, that the contract was induced by the fraudulent representations of A. as to the quantity of timber on the land, and he moreover alleged that they amounted to a warranty, upon the breach of which he was entitled to recoup the damages sustained. *Held*, that the judgment, having been rendered upon the finding of a referee that such representations were not made, is conclusive, as to the facts found, in all sub̃e ̃uent controversies between the parties on the contract.

ERROR  to  the  Circuit  Court  of  the  United  States  for  the Western  District  of  Michigan.

The facts are stated in the opinion of the court.

*Mr. Emery A. Storrs* for the plaintiff in error.

*Mr. Mitchell J. Smiley, Mr. O. H. Simonds,* and *Mr. N. A. Fletcher, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

In the preceding case between these parties we affirmed the judgment of the court below recovered for the first instalment of money due upon the contract of purchase of certain timber lands. in Michigan, the payment of which had been guaranteed by the defendant below, the Lumber Company. The present action was for the remaining instalments of the purchase-money.

To the first action the defendant set up that it was induced to make the contract of guaranty by certain false and fraudulent representations of the plaintiff as to the quantity of merchantable timber on the land. To the present action it sets up the same defence, and also that the representation made as to the quantity of timber, to induce the execution of the contract, amounted to a warranty, upon breach of which it was entitled to recoup the damages sustained. To meet these defences the plaintiff produced the judgment in the former case; and the question presented for determination is, whether that judgment was conclusive.

As to the first defence there can be no doubt that such must be the effect of the judgment. The case was between the same parties for the first instalment on the contract guaranteed, and

a recovery was there resisted upon precisely the same ground here urged.

The extent and effect of a former recovery between the same parties upon the same question raised in a new action have been so often considered and determined by this court, that it would be a waste of time to go over the argument and repeat our views on the subject. Our latest expression of opinion, made after deliberate consideration, is found in the case of *Cromwell* v. *County of Sac*, 94 U. S. 351. To the reasons there adduced we have nothing to add. And we are of opinion that the second defence is also concluded by the former adjudication. The finding of the referee, upon which the judgment was rendered — and this finding, like the verdict of a jury, constitutes an essential part of the record of the case — shows that no representations as to the quantity of timber on the land sold were made to the defendant by the plaintiff or in his hearing to induce the execution of the contract of guaranty. This finding having gone into the judgment is conclusive as to the facts found in all subsequent controversies between the parties on the contract. Every defence requiring the negation of this fact is met and overthrown by that adjudication.

*Judgment affirmed.*