UNITED STATES, for Use and Benefit of LARKIN, v. MARYLAND CASUALTY CO. (J. SLOTNIK CO., Intervenor).

Civ. A. No. 1215.

District Court, D. Massachusetts.

May 20, 1942.

William Endlar, of Boston, Mass., for plaintiff.

Harry B. White, Edward C. Park, and Claude B. Cross (both of Withington, Cross, Park & McCann), all of Boston, Mass., for defendant Maryland Casualty Co.

Edward C. Park and Claude B. Cross (of Withington, Cross, Park & McCann), all of Boston, Mass., for intervenor J. Slotnik Co.

SWEENEY, District Judge.

In April, 1941, the plaintiff subcontractor, who will hereinafter be called the use plaintiff, brought this action under the Miller Act, 40 U.S.C.A. §§ 270a to 270d, against the Maryland Casualty Company as sole defendant. The complaint alleges that the J. Slotnik Company, hereinafter referred to as Slotnik, entered into a contract with the United States for the construction of one 500 men barracks at Fort Devens, Massachusetts, in connection with which it executed a bond as required by law, with the defendant Maryland Casualty Company as surety, binding it as principal and the defendant as surety to make prompt payment to all persons supplying labor and materials in the prosecution of the work provided in the contract. It further alleges that the use plaintiff entered into a written contract with Slotnik to install the plumbing and gas fixtures for a consideration of $24,250, and that the use plaintiff not only performed its obligations under the contract in full, but in addition thereto performed work and supplied materials amounting to $990.35, in excess of the requirements stipulated in the original contract.

An account identified as "Exhibit B" attached to the complaint sets forth what the use plaintiff claims to be all the payments made by Slotnik as well as the items claimed as additional work and materials. This complaint and account, as amended, alleges that there is a balance due to the use plaintiff of $2,108.70. The defendant answered admitting the contract and bond set forth in the complaint, but pleaded full performance and payment on behalf of Slotnik.

In September, 1941, the defendant filed a motion to stay the proceedings on the ground that an action was pending in the Suffolk Superior Court of the Commonwealth of Massachusetts, brought by Slotnik against the use plaintiff in this action, and that a final disposition of that action would be conclusive as to all the issues of this case. This motion was allowed.

On February 24, 1942, Slotnik filed a motion to intervene as a defendant which was allowed on March 2, 1942. Subsequently, the defendant Maryland Casualty Company was allowed to amend its answer, and Slotnik answered as intervenor, both answers setting up as a defense the action in the state court in which final judgment was entered on February 16, 1942.

The matter is before the court at this time on defendants' motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Both sides have filed affidavits, the defendants stating that all the issues of this case were heard and determined in the action concluded in the state court, and, therefore, there remains no genuine issue of fact to be determined here. On the other hand, the use plaintiff contends that the evidence in the state court introduced by him went solely to defeat the claim of the plaintiff in that action (the defendant Slotnik here) which was one for defective work, and that the issues arising from the pleadings in this case have never been adjudicated.

### Findings of Fact

From the pleadings, papers, records and affidavits before the court in this case the following facts appear:

Slotnik commenced an action in the state Municipal Court against Henry J. Larkin by writ dated June 5, 1941, which was two months after Larkin had commenced this action. Larkin had the case removed to the Superior Court and demanded a jury trial. The declaration in that action, as amended, sets up the contract which is the basis of the suit here, alleging an oral modification thereof, full payment to the defendant for all work performed and materials furnished thereunder, and claiming damages in the sum of $115.34 resulting from the defendant's failure to furnish materials of proper quality. The defendant's answer denies the allegations in the declaration with regard to defective materials, and expressly limits the defense to that question, stating that a suit is pending in the United States District Court for money due under the contract, and that the allegations in the declaration of oral modi-

288

fication of this contract and payments made thereunder are immaterial. The plaintiff in the state court action moved to have the matter referred to an auditor, which motion was granted over the objection of the defendant there. At the hearing before an auditor the defendant objected to the introduction of any evidence of payments being made or credits given to the defendant by the plaintiff on account of their contract. The auditor overruled Larkin on this point, and made his report taking into consideration all payments made, credits given, the oral modification of the written contract, back charges, as well as the claim for defective materials. After adjusting all these items, he found that there was a balance due Slotnik from Larkin of $72.30. It does not appear, however, that the auditor in any way considered the claim of the use plaintiff in this action for extras supplied to Slotnik in excess of the requirements of the contract. There is no indication in the auditor's report that the plaintiff in that action brought them to his attention, and the following statement in his report clearly shows that the defendant there did not do so: "The defendant's counsel had ample opportunity to present evidence with reference to any payment made or credit given to the defendant by the plaintiff, or back charges made by the plaintiff to defendant, or the oral modification of the written contract, or extras, but declined to do so, claiming that the only issue was for defective work and that evidence on any other issues raised in the plaintiff's Substitute Declaration should not be admitted."

The case was tried in the Superior Court before a jury beginning on January 9, 1942. The auditor's report was introduced in evidence, and the jury returned a verdict for the plaintiff Slotnik for $72.30, the exact amount found by the auditor in his report. As to the evidence introduced at the trial beyond the auditor's report, the opposing affidavits are contradictory. If a determination of that question is material to the complete estoppel of the use plaintiff's action here, there would be a genuine issue of fact to be settled, which would constitute sufficient grounds for denying defendants' motions for summary judgment. Thus, the question to be considered is to what extent, if at all, the facts related above pertaining to the state court action constitute res judicata in the present action before this court.

Discussion

The well-established rule concerning res judicata (or "estoppel by judgment", "estoppel by verdict", the different terms often being used indiscriminately in the decisions. For a discussion of them and the technical distinction between them see 34 C.J. §§ 1154-1156) is that a judgment of a court of competent jurisdiction upon the merits of a cause of action, concludes the parties to such action and their privies to every issue that in fact or law might have been tried therein, and constitutes a bar to a new suit involving the same cause of action, either before the same or any other tribunal, so long as such judgment remains unreversed and not in any way vacated or annulled. 34 C.J. § 1162 and the numerous cases there cited. But where the other suit between the same parties or their privies is on a different cause of action, the former judgment is only conclusive as to any right, question, or fact distinctly put in issue and relied on as a ground for recovery in that suit. Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355, 377; Marcus v. Richardson, 299 Mass. 11, 13, 11 N.E.2d 599. The conclusiveness of the prior judgment is not in any way dependent on the correctness of the verdict or finding. Milne v. Deen, 121 U.S. 525, 7 S.Ct. 1004, 30 L.Ed. 980, 982.

The federal court will give the same force to an adjudication of a state tribunal as the courts of the state in which such judgment was rendered would give to it. In re Cherokee Public Service Co., Ark., 94 F.2d 536, 538, and cases there cited. Such judgment from the state court, even though erroneous, cannot be collaterally attacked in the federal court. Staley v. Espenlaub, 10 Cir., 43 F.2d 98, certiorari denied 283 U.S. 842, 51 S.Ct. 489, 75 L.Ed. 1452.

The present suit is clearly not on the same cause of action as the suit in the state court. That suit was for damages resulting from the use of defective materials. Here the use plaintiff is seeking to recover for money due under the contract, as extended by additional work and materials supplied beyond the scope of the original agreement. Compare Boston Blower Co. v. Brown, 149 Mass. 421, 21 N.E. 883; Cox v. Wiley, 183 Mass. 410, 67 N.E. 367. It is true that the use plaintiff could have set up the claim for payments due him which he asserts in this action by way of counter-

claim in the state proceedings, but he was not bound to do so. Friend Lumber Co. v. Armstrong Bldg. Finish Co., 276 Mass. 361, 370, 177 N.E. 794, 80 A.L.R. 599, and cases there cited. See, also, on this point 8 A.L.R. 694 note. Since the use plaintiff preferred not to counterclaim in the state court action, he was prudent in not setting up payments due him as a defense to that action, for by so doing he might have lost all right to affirmative relief with respect to them. O'Connor v. Varney, 10 Gray, Mass., 231; Harlow Realty Co. v. Whiting, 308 Mass. 220, 225, 226, 31 N.E.2d 928. However, by refusing to introduce evidence on those items which the auditor and the court insisted should be considered in that action, and which in fact were relied upon by the jury in reaching their verdict, he thereby forfeited any right to a further hearing on them in this court, regardless of how erroneous the state court might have been in overruling his objection. Boston & Maine Railroad v. T. Stuart & Son Co., 236 Mass. 98, 102, 127 N.E. 532; Binney v. Attorney General, 259 Mass. 539, 542, 156 N.E. 724; Southern Pacific R. Co. v. United States, supra.

I have noted particularly the auditor's finding that no written claim was made by the use plaintiff for extra work. This is not conclusive as to that fact, since his finding as to the amount due Slotnik was, as already stated, not based on evidence with regard to such extras. Jennison, Treasurer, v. Inhabitants of West Springfield, 13 Gray, Mass., 544, 545; Gilbert v. Thompson, 9 Cush., Mass., 348, 350. The record as a whole discloses that the claim for extras was not litigated or comprehended within the verdict. That claim, in the absence of further evidence governing the question of prior adjudication, is still open.

There is no merit to the use plaintiff's contention that the state court proceedings cannot constitute an estoppel in this action because the parties here are different from those in the former suit. Chicago, R. I. & P. R. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; Thompson v. Roberts, 65 U.S. 233, 24 How. 233, 16 L.Ed. 648, 650.

### Conclusions of Law

The use plaintiff is estopped in this action from contradicting such items of payments, oral modification, credits, back charges, and other matters relating to the contract with the intervening defendant which formed the basis of the auditor's finding in his report and on which the verdict and judgment in the state court action rested.

Pursuant to the above findings and conclusions, the defendants' motions for summary judgment are denied, and, in accordance with the provisions of Rule 56(d) of the Federal Rules of Civil Procedure, it is ordered that further proceedings in this cause be limited to the merits of the claim for extras.