### GOLDMAN v. GENERAL MILLS, Inc.
#### No. 14682.

United States Court of Appeals
Eighth Circuit.
April 20, 1953.

Josiah E. Brill, Minneapolis, Minn., for appellant.

A. Lyman Beardsley, Minneapolis, Minn. (Frank J. Morley, D. E. Balch and Morley, Cant, Taylor, Haverstock & Beardsley, Minneapolis, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

COLLET, Circuit Judge.

In November, 1946, the appellee, General Mills, leased certain buildings and premises in Minneapolis, agreeing to pay taxes and approximately $15,000.00 per year in cash as rental in quarterly installments of $3,750.00. Appellant Goldman is the assignee of the original lessor. January 15, 1948, the building was destroyed by fire. The lease contained the following provision relating to the destruction of the building by fire.

"Destruction by Fire.

"It is further agreed between the Lessor and the Tenant that if during the term of this lease the demised premises or the improvements thereon shall be injured or destroyed by fire or the elements, or through any other cause, so as to render the demised premises unfit for occupancy, or makes it impossible to conduct the business of the tenant thereon, or to such an extent that they cannot be repaired with reasonable diligence within thirty (30) days from the happening of such injury, then the *Lessor may terminate* this lease and the term herein demised from the date of such damage or destruction, and the Tenant shall immediately surrender the demised premises and all interest therein to the Lessor, and the Tenant shall pay rent only to the time of such surrender; and in case of any such destruction or injury the Lessor may re-enter and repossess the demised premises discharged of this lease, and may dispossess all parties then in possession thereof. But if the demised premises can be restored within sixty (60) days from the happening of the injury thereto, and the Lessor within fifteen (15) days from the occurrence of such injury elects in writing to so repair or restore said premises within sixty (60) days from the happening of the injury thereto, then this lease shall not end or terminate on account of such injury by fire or otherwise, but the rent shall not run or accrue after the injury and during the process of repairs, and up to the time when the repairs shall be completed, except only that the Tenant shall during such time pay a pro rata portion of such rent apportioned to the portion of the demised premises which are

in condition for occupancy or which may be actually occupied during such repairing period. If, however, the demised premises shall be so slightly injured by any cause aforesaid, as not to be rendered unfit for occupancy, then the Lessor shall repair the same with reasonable promptness, and in that case the rent shall not cease or be abated during such repairing period. All improvements or betterments placed by the Tenant on the demised premises shall, however, in any event, be repaired and replaced by the Tenant at his own expense and not at the expense of the Lessor." (Italics supplied.)

The building was so completely destroyed by the fire that the city authorities required the remains to be wrecked and removed from the premises. Whereupon appellee notified appellant that it no longer considered the lease in effect. Appellant contended that the fire resulted from the negligence of appellee and sued appellee for the value of the building and the value of the rents which would have accrued, on the ground of its negligent destruction. In that case the trial court held that the appellant was liable for the loss of the building and its value "blessed or burdened with the lease" on the date of the fire, because the jury found that the fire was caused by appellee's negligence, and the stipulation of the lease providing for the return of the premises at the end of the term of the lease or its termination "in as good condition as the same are now in or may hereafter be put in, *loss by fire and ordinary wear excepted*"[1] did not embrace losses by fire caused by the negligence of appellee, but rejected appellant's contention that he was entitled to a separate recovery for rents and denied plaintiff's [appellant's] claim for future rental losses. Judgment was thereafter entered for appellant for $142,500 and appellee appealed. Appellant did not appeal. This court reversed the judgment against appellee upon the ground that the intention of the parties to the lease was that the risk of loss by fire would be carried by a fire

insurance company (as it was) and that the tenant, appellee here, had no obligation to appellant in the event of loss by fire, whether the fire was caused by appellee's negligence or not. General Mills, Inc., v. Goldman, 8 Cir., 184 F.2d 359. The insurance which was carried, which as just stated was understood by the parties to cover the risk of loss by fire, insured the building to the extent of $100,000.00, and against loss of rents to the amount of $15,000.00. The insurance company appears to have paid approximately $10,000.00 on account of the loss of rentals. General Mills, Inc., v. Goldman, 8 Cir., 184 F.2d 359, 367.

In the former action appellant made claim against appellee for loss of future rentals as a separate item from the claim for the loss of the building, which separate claim for future rents the trial court denied on the merits and from which appellant did not appeal. He now contends that he may maintain this action for rentals for the period subsequent to the destruction of the building on January 15, 1948, because as he states in his brief: "The defendant [appellee] is not relieved of liability for the rents, since the building was destroyed as a result of the defendant's [appellee's] own negligence." The trial court held he could not now recover for rents because the lease was terminated by the fire and appellant's inability to repair the building in sixty days, and because this court had held on the appeal of the former action that under the terms of the lease "the tenant had no obligation in the event of loss by fire", and dismissed the complaint. The trial court gave other reasons for the judgment of dismissal which need not be alluded to in view of the conclusion we have reached and will hereafter state. This appeal is from that judgment of dismissal.

Appellant now contends that (1) appellee is not relieved of liability for rents, since the building was destroyed as a result of appellee's negligence, and (2) that the previous tort action did not constitute an

---

1. " * * * and the Tenant agrees to return said premises peaceably and promptly to the Lessor at the end of the term of this Lease, or at any previous termination thereof, in as good condition as the same are now in or may hereafter be put in, loss by fire and ordinary wear excepted."

irrevocable election of remedies precluding the prosecution of this action.

Appellee contends that the former action bars the prosecution of the present action for rents (1) because the former action is res judicata as to his right to recover rent; (2) because the lease was by its terms terminated because of the fire; (3) the prosecution of the former action constituted an irrevocable election to treat the lease as terminated and sue for the entire value of the building and the rents; and (4) that he should not be permitted to recover for loss of rents when, as this court held, losses from fire were to be insured against and compensated for by such insurance which appellant has received, and to permit his recovery in this action would authorize a double recovery.

█ The right of the appellant to recover for rents was determined adversely to him in the former action and the judgment in that action is a bar to the prosecution of this. The broad general rule is stated in Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 27, 42 L.Ed. 355, as follows:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. * * *

"Among the cases in this court that illustrate the general rule are Hopkins v. Lee, 6 Wheat. 109, 113 [5 L.Ed. 218]; Smith v. Kernochen, 7 How. 198, 216 [12 L.Ed. 666]; Thompson v. Roberts, 24 How. 233, 240 [16 L.Ed. 648]; Washington, Alexandria & Georgetown Steam-Packet Co. v. Sickles, 24 How. 333, 340, 341, 343 [16 L. Ed. 650]; Russell v. Place, 94 U.S. 606,

608 [24 L.Ed. 214]; Cromwell v. Sac County, 94 U.S. 351 [24 L.Ed. 195]; Campbell v. Rankin, 99 U.S. 261 [25 L.Ed. 435]; Mason Lumber Co. v. Buchtel, 101 U.S. 638 [25 L.Ed. 1073]; Bissell v. Spring Valley Township, 124 U.S. 225, 230, 8 S.Ct. 495 [31 L.Ed. 411]; and Johnson Co. v. Wharton, 152 U.S. 252, 14 S.Ct. 608 [38 L.Ed. 429]." That principle is reiterated in United States v. Munsingwear, Inc., 340 U.S. 36, 38, 71 S.Ct. 104, 95 L.Ed. 36.

█ It is true, as appellant asserts, that this action is based on contract while the former was a tort action. But that fact is of significance only when the precise question arising in the latter action was not presented or determined in a former action involving a different cause of action between the same parties. See Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. The difference between the situations presented when the question arises in actions upon different causes of action and when the cause of action is the same in both is illustrated by the case of Tait v. Western Maryland Ry. Co., 289 U.S. 620, 623, 53 S. Ct. 706, 707, 77 L.Ed. 1405:

"1. The scope of the estoppel of a judgment depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. In the former case a judgment upon the merits is an absolute bar to the subsequent action. In the latter the inquiry is whether the point or question to be determined in the later action is the same as that litigated and determined in the original action. Cromwell v. County of Sac, 94 U.S. 351, 352, 353, 24 L.Ed. 195; Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; United States v. Moser, 266 U.S. 236, 241, 45 S.Ct. 66, 69 L.Ed. 262."

The question here is whether the point to be determined in this action is the same as that litigated and determined in the original tort action. That it is does not

appear to be open to doubt. In the former action appellant sued to recover rents. His claim therefor was stated as a separate element of his damages in his original complaint. He first recovered therefor as a separate item, only to have the trial court over his objection hold that they could not be separately recovered. Then the judgment of the trial court was entered for one recovery for the value of the building "blessed or burdened with the lease". The value of the lease and a fortiori the rents was therefore a consideration taken into account and entering into the amount of that recovery. Appellant could have then complained that the action of the trial court in denying him a separate recovery for the rent was error and appealed. He did not, but now does complain that such was erroneous. But it cannot be said that the issue of his right to recover rents was not involved and decided in the former action. When the judgment in the former action was reversed on the ground that the risk of loss by fire was, by the terms of the lease, to be carried by insurance, whether fire was negligently caused by the tenant, appellee, or not, the risk under consideration was not limited to the risk of the loss of the building by fire. It included the risk of loss of rents resulting from the destruction of the building by fire. It was pointed out that the insurance which appellant received, which the court held was to be appellant's only recovery in case of loss by fire, included a substantial amount for rents in addition to insurance on the building. When this court held that loss to appellant resulting from a fire *negligently* caused by appellee was one which, under the lease, could not be recovered from appellee, it was necessarily including loss of rents resulting from a fire negligently caused by appellee. In so holding the court was applying and construing the very contract which is made the basis of the present action. It is of no assistance to appellant, therefore, to say that appellee is not relieved of liability under the lease contract for rents in this action because the loss was caused by the destruction of the building as a result of appellee's negligence. The converse has already been decided. Stated in somewhat different language—the

right of appellant to recover rents as a separate item was at first granted by the trial court in the original tort action. The right of appellant to recover rents or the value of the lease as an element of recovery for the tortious destruction of the building by appellee was recognized and granted by the trial court in the final judgment in the tort action which was appealed to this court. This court on appeal held that there was no right of recovery from appellee for either or both. Hence the decisive question in this case was decided in the former action and may not be relitigated. The complaint was therefore properly dismissed.

It is unnecessary to discuss the other points raised by the briefs. The judgment is affirmed.