LEA, INCORPORATED, SUCCESSOR BY MERGER TO LEA ASSOCIATES, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2555–72.    Filed February 22, 1978.

*Robert C. Lea, Jr.,* for the petitioner.
*Howard W. Gordon,* for the respondent.

OPINION

TIETJENS, *Judge:* Respondent has determined the following deficiencies in petitioner's Federal corporate income taxes:

| TYE Dec. 31— | Deficiency |
| --- | --- |
| 1963 | $42,380.00 |
| 1964 | 28,249.99 |
| 1965 | 39,064.33 |
| 1966 | 30,492.58 |

There are several issues in this case, but only one is raised presently. Respondent has pleaded collateral estoppel as an affirmative defense for part of the above deficiencies. Pursuant to Rule 121, Tax Court Rules of Practice and Procedure,

respondent has moved for a summary judgment in his favor on that defense. Thus the issue is whether petitioner is collaterally estopped by a prior decision of the United States Court of Claims from relitigating the tax consequences for the taxable years in issue here of petitioner's acquisition of a competitor's business.

The facts necessary to a proper determination of respondent's motion have been fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference.

Petitioner Lea, Inc., is a corporation organized on June 3, 1965. Its principal office is located in Ambler, Pa. Petitioner filed its Federal corporate income tax returns for 1963 through 1966 with the District Director of Internal Revenue in Philadelphia, Pa.

Petitioner is the successor by merger to Lea Associates, Inc. Lea Associates, Inc., was a corporation organized on August 16, 1960, under the laws of the Commonwealth of Pennsylvania. The merger occurred on March 6, 1970.

In 1962, petitioner[1] was engaged in the business of providing market research to the pharmaceutical industry. Its main competitor was Ken M. Davee. Both petitioner and Davee provided a study surveying a panel of physicians. The studies were similar and served the same market. Because of a limited market for their services, petitioner agreed to purchase Davee's business. The purchase is evidenced by two contemporaneous agreements: a sales agreement dated May 31, 1962, and a letter agreement dated June 1, 1962. Petitioner agreed to pay Davee $357,500 in installments for his performance under the sales agreement and to pay Davee and his wife $30,000 in installments for their performance under the letter agreement. In the sales agreement, Davee promised to discontinue his competing business, to be noncompetitive with petitioner for 5 years, and to deliver certain materials previously generated by his business. In the letter agreement, Davee and his wife promised to perform consulting services for petitioner and not to compete with petitioner for 5 years.

Pursuant to the sales agreement, petitioner made the following payments to Davee:

---

[1]Unless otherwise stated, references to "petitioner" shall include both Lea Associates, Inc., and its successor corporation, Lea, Inc.

| Years | Payments |
|---|---|
| 1962 | $87,500 |
| 1963 | 54,000 |
| 1964 | 54,000 |
| 1965 | 54,000 |
| 1966 | 54,000 |
| 1967 | 54,000 |
| Total | 357,500 |

Petitioner took the following deductions attributable to the above payments:

| Years | Deductions |
|---|---|
| 1962 | $78,250 |
| 1963 | 81,500 |
| 1964 | 56,500 |
| 1965 | 56,500 |
| 1966 | 56,500 |
| 1967 | 28,250 |
| Total | 357,500 |

All of the above deductions, except $50,000 for 1962 and $25,000 for 1963, were characterized by petitioner as the amortization of an agreement not to compete. The other amounts were described as payments to Davee for "Outside Data Services." Basically, those were amounts allocated by petitioner to certain back data materials received by it from Davee under the sales agreement.

Although we have listed the payments and deductions for 1962, that year is not in issue here. On December 30, 1966, petitioner filed a petition in the United States Court of Claims (docket No. 433-66). Without going into the procedural details that took place in the Court of Claims, petitioner's taxable year 1962 was in issue there and the tax consequences of petitioner's acquisition of Davee's business were considered. The decision on that issue is reported in *Davee v. United States*, 195 Ct.Cl. 184, 444 F.2d 557 (1971), cert. denied 425 U.S. 912 (1976), rehearing denied 425 U.S. 1000 (1976). Respondent is a party in privity to the United States of America, the defendant in *Davee*. It has been stipulated that petitioner is a party in privity to Lea Associates, Inc., the plaintiff in *Davee*.

Respondent contends that petitioner is estopped by the judgment in *Davee v. United States* from relitigating the tax

consequences for the taxable years in issue here of petitioner's acquisition of Davee's business. Petitioner contends that it is not so estopped. Petitioner contends that the Court of Claims made mistakes of law so gross that it failed to decide the issue raised herein, that the law in this Court differs from that found by the Court of Claims in *Davee v. United States,* and that the facts in this case and the facts in *Davee* are not the same.

Generally, if a claim relating to a particular tax year is litigated, the judgment thereon acts as collateral estoppel in litigation over another tax year with respect to matters actually litigated in the first proceeding. The estoppel applies only to those matters in the later proceeding which were actually presented and determined in the first suit. See *Commissioner v. Sunnen,* 333 U.S. 591, 598–599 (1948). This rule relieves the Government and the taxpayer of the burden of repetitious litigation over identical questions. Id.

The burden of proving that petitioner is estopped from relitigating the tax consequences of its acquisition of Davee's business is upon respondent. Rule 142(a), Tax Court Rules of Practice and Procedure. In order to meet his burden, respondent must prove that the issue raised herein has previously been presented and determined by a court of competent jurisdiction and that there has been no subsequent modification of the significant facts nor a change or development in the controlling legal principles which might make the prior determination obsolete or erroneous, at least for future purposes. *Commissioner v. Sunnen, supra.* See also *Tait v. Western Md. Ry. Co.,* 289 U.S. 620 (1933).

In *Davee v. United States, supra,* petitioner and Davee were before the Court of Claims for the tax consequences of petitioner's acquisition of Davee's business. The issue in *Davee* was whether the character of the gain realized by Davee was ordinary or capital. The court allocated the amount realized by Davee between a covenant not to compete and goodwill. This in turn affected Lea Associates, Inc.'s ability to deduct the payments it made to Davee. Because only $30,000 was allocated by the court to the covenant not to compete, Lea could only deduct that amount, not the full purchase price which it had tried to amortize.

The issue raised in the petition herein is identical to that raised in *Davee.* Respondent has disallowed deductions for

payments to Davee to the extent such payments exceed the amounts allocated by the Court of Claims to the covenant not to compete. Petitioner claims that it is entitled to deduct an amount greater than that allowed by the Court of Claims.

Although collateral estoppel seems to clearly preclude petitioner from relitigating the tax consequences of the acquisition, petitioner argues that the prior judgment is not binding. First, petitioner contends that the issue raised before this Court was not litigated on its merits before the Court of Claims in *Davee v. United States*. The gist of petitioner's argument is that the Court of Claims' decision is not supported by the evidence adduced therein and that the court misstated and misapplied the law.

Initially, we emphasize that the issue presented here was actually presented and determined in the Court of Claims. Petitioner is really arguing that the Court of Claims' decision in *Davee* is erroneous and, consequently, this Court is not bound by that decision. We express no opinion on the correctness of the determination made in the Court of Claims, for it is not our position to do so. The only court with authority to judge the correctness of decisions by the Court of Claims is the Supreme Court. That Court has declined to review the decision. *Davee v. United States*, 195 Ct. Cl. 184, 444 F.2d 557 (1971), cert. denied 425 U.S. 912 (1976), rehearing denied 425 U.S. 1000 (1976). But even if the decision were clearly erroneous, petitioner would be collaterally estopped from again litigating the issue and would therefore be bound in subsequent taxable years by the Court of Claims' judgment.

In *United States v. Moser*, 266 U.S. 236 (1924), a naval officer brought suit in the Court of Claims to recover additional pay. His claim was based on his prior service in the Naval Academy during the Civil War. The Court of Claims held that he was entitled to additional retirement rank and pay given by statute to those who served during the Civil War. In a subsequent, unrelated suit between other parties, another statute came to the court's attention which excluded those who served in the Academy during the Civil War from additional retirement rank and pay. The plaintiff was later compelled to again bring suit for subsequent installments of the additional pay. The Supreme Court held that the Government was collaterally estopped by the

prior judgment from relitigating the issue of the plaintiff's status as a Civil War veteran. The Court thus stated:

a *fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law. [266 U.S. at 242.]

Thus a final judgment, even though erroneous, is not subject to collateral attack and is, therefore, binding on the parties in subsequent proceedings. See also *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 157 (1963); *Tait v. Western Md. Ry. Co.,* 289 U.S. 620, 626 (1933); *Reed v. Allen,* 286 U.S. 191, 199–200 (1932); *United States v. Silliman,* 167 F.2d 607 (3d Cir. 1948), cert. denied 335 U.S. 825 (1948); *United States v. Maryland Casualty Co.,* 45 F. Supp. 286, 288–289 (D. Mass. 1942).

If petitioner were allowed to challenge the correctness of the Court of Claims' decision in this Court, the doctrine of collateral estoppel would be virtually meaningless. It would be necessary for us to redetermine the facts and the law and to apply the law to those facts in order to decide whether the prior decision would be binding on the parties. This would frustrate the very purpose of the doctrine, viz, the elimination of redundant litigation. Thus petitioner's first contention that the issue raised herein was never properly determined on its merits in the Court of Claims must be rejected.

Petitioner's second contention is that there has been a change in law since the Court of Claim's judgment, making that determination obsolete for future purposes. Collateral estoppel is confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged. *Commissioner v. Sunnen, supra.* Where the situation is *vitally altered* between the time of the first judgment and the second, the prior determination is not conclusive. Id. In *Sunnen,* the Supreme Court refused to apply collateral estoppel where there had been a significant change in law since the judgment of the same issue under identical facts in an earlier case. As we have previously stated, what the Court meant by a change in the law was a change in the legal principles, statutory law, or regulations that would determine the legal consequences of the factual situation in both cases.

*Jacob's Fork Pocahontas Coal Co. v. Commissioner*, 24 T.C. 60, 67 (1955).

In *Davee v. United States,* the Court of Claims allocated $30,000 of the purchase price to the covenant not to compete, which the court had construed from the letter agreement. In so holding, the court applied the parol evidence rule as expressed by the Third Circuit Court of Appeals in *Commissioner v. Danielson,* 378 F.2d 771 (3d Cir. 1967). Petitioner argues, however, that even though the Third Circuit has jurisdiction over any appeal of this decision, this Court would not apply the *Danielson* rule as it was applied by the Court of Claims in *Davee.* In so arguing, petitioner relies on *Freeport Transport, Inc. v. Commissioner,* 63 T.C. 107 (1974).

However, petitioner's contention fails in two respects. First, we do not consider *Freeport Transport, Inc.,* to have changed the *Danielson* rule. In *Freeport Transport, Inc.,* we held that *respondent* is not precluded by the parol evidence rule from introducing evidence contradicting a contractual allocation of total consideration between the purchase price and a covenant not to compete or the seller's services. In *Commissioner v. Danielson, supra* at 778, the court stated that "where a loss of tax revenues from one taxpayer cannot be retrieved entirely from another because of differentials in tax brackets or other factors the Commissioner may challenge the allocation as not reflecting the substance of the transaction." We find no conflict between those two decisions, nor do we find *Freeport Transport, Inc.,* to have "vitally altered" the *Danielson* rule. See also *Freeport Transport, Inc. v. Commissioner, supra* at 117–118 (Tannenwald, *J.,* concurring).

But petitioner's contention fails in a second respect. Petitioner has failed to establish any change of law in the Court of Claims that would make *Davee v. United States* no longer binding. Again, by the phrase "change in the law," we mean a change in the legal principles, statutory law, or regulations that would determine the legal consequences of the factual situation in both the prior case and this one. *Jacob's Fork Pocahontas Coal Co. v. Commissioner, supra.* Thus, unless there has been a change in the law as would be determined by the Court of Claims, where the initial judgment was rendered, as well as by this Court, where the identical matter is pending, the initial judgment retains its otherwise binding effect on the parties.

We know of no cases in the Court of Claims changing its application of the *Danielson* rule, and none has been cited to us. Moreover, petitioner's argument that the Court of Claims misapplied the *Danielson* rule is inapposite. We are not concerned with the correctness of the initial judgment, for collateral estoppel applies equally to correct and incorrect decisions. See *United States v. Moser, supra.* Rather, the focus is upon changes in the law in the Court of Claims between the initial cause of action and this one. The rule in *Commissioner v. Sunnen, supra,* that a change or development in controlling legal principles may make a prior determination obsolete or erroneous for future purposes was not meant to open prior decisions to collateral attack on the ground that the initial case was erroneously decided. Thus, because we find no change or development in controlling legal principles since the Court of Claims last decided the issue herein, petitioner's second contention must be rejected.

Finally, petitioner contends that the facts in this case and the facts in *Davee v. United States* are not the same. Basically, petitioner argues that the only facts that are the same are the sales agreement and the letter agreement. Because petitioner presented no parol evidence on the substance of the sales and letter agreements, petitioner argues that "respondent cannot here carry his burden of showing that the facts brought out in a trial before this Court will be the same as those brought out before the Court of Claims."

If there is any significant change in the controlling facts which may reasonably be calculated to alter the situation, then the first decision will not constitute a bar to relitigating the issue in a later year. *Stanback v. Commissioner,* 27 T.C. 1, 13–14 (1956), vacated and remanded on other grounds 271 F.2d 514 (4th Cir. 1959). However, the controlling facts are the ultimate facts upon which the transaction is based, not the evidence by which petitioner sought to establish what had occurred. *Stern & Stern Textiles, Inc. v. Commissioner,* 26 T.C. 1000, 1003 (1956), affd. 263 F.2d 538 (2d Cir. 1959), cert. denied 361 U.S. 831 (1959). Thus mere additional or different evidence of historically past events and actions, which took place prior to the first decision and which are static in nature, will not prevent the operation of collateral estoppel. See *Jones v. Trapp,* 186 F.2d 951, 954 (10th

Cir. 1950); *Stern & Stern Textiles, Inc. v. Commissioner, supra* at 1003; *Stanback v. Commissioner, supra* at 13.

We think that respondent has met his burden of proving that the controlling facts remain unchanged from the date of the Court of Claims decision in *Davee v. United States.* The acquisition was completed prior to the initial decision. The facts upon which petitioner seeks a new trial are historical and were available in the former trial. See also *Lynch v. Commissioner,* 216 F.2d 574 (7th Cir. 1954). There has been no change or further development in those facts. Consequently, we must conclude that petitioner is barred from relitigating the tax consequences of payments made to Davee during the tax years in issue herein.

The Court determines that the petitioner is collaterally estopped from relitigating the issue of the covenant not to compete. The Court determines the motion for partial summary judgment upon the issue of collateral estoppel in the respondent's favor.

Accordingly, the parties are given 45 days to suggest to the Court how the remaining issues in the case should be disposed of, possibly under Rule 155.