RICHARD S. MCMAINS AND SUZANNE L. MCMAINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McMains v. Commissioner
Docket No. 35634-84.
United States Tax Court
T.C. Memo 1987-85; 1987 Tax Ct. Memo LEXIS 81; 53 T.C.M. (CCH) 118; T.C.M. (RIA) 87085; February 12, 1987. Richard S. McMains, pro se. Erik Doerring, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code and Rules 180, 181 and 182. [1]
Respondent determined a deficiency of $2,476 in petitioners' 1982 Federal income tax. Respondent also determined that petitioners were liable for additions to tax in the amount of $123.80 under section 6653(a)(1) and for 50 percent of the interest due on an underpayment of $2,476 under section 6653(a)(2). The issues for decision are: (1) whether petitioners are entitled to a charitable *83 contribution deduction and a contribution carryover deduction for alleged charitable contributions to the Universal Life Church; (2) whether petitioners failed to report income; (3) whether petitioners are liable for additions to tax under section 6653(a)(1) and (2); and (4) whether the imposition of damages under section 6673 is proper. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. [2]
Petitioners, Richard S. and Suzanne L. McMains resided in Sierra Vista, Arizona when they filed their petition herein. They filed a joint income tax return for 1982 with the Internal Revenue Service Center in Ogden, Utah. Richard McMains (McMains) holds a college degree with a major in English. In 1982, McMains was employed in recruiting civilian electronics engineers for the United States Army. He also worked as an Amway salesman. Petitioners claim to be members of a local chapter of *84 the Universal Life Church, charter number 24564 (ULC No. 24564). In 1978, petitioners executed a quitclaim deed to their residence and surrounding land (Property) to "The Universal Life Church, Charter Number 24564, J-TAG FARM." On November 29, 1982, petitioners executed a second quit claim deed to the Property to "The UNIVERSAL LIFE CHURCH, INC. of Modesto California." At all times after executing the first of these deeds and throughout the period here in issue, petitioners continued to use the Property as their personal residence. During 1982, petitioners deposited amounts into an account at the Arizona Bank in the name of ULC No. 24564. The amounts deposited included $9,480 drawn from their personal checking account. Petitioners had sole signatory authority over the ULC No. 24564 account. They paid expenses necessary to the operation of the property where they lived including their telephone and utilities expenses from this account. On their 1982 Federal income tax return petitioners reported gross income of $24,116.12. They deducted charitable contributions of $11,311.40. This amount included a claimed contribution of $10,977.75 to the Universal Life Church, Inc. and *85 a contribution carryover of $236.18 resulting from their claimed contribution of the Property to the Universal Life Church in 1978. On July 27, 1984, respondent issued a statutory notice of deficiency disallowing $11,214 of petitioners' claimed charitable contributions, determining that petitioners had unreported income of $2,261, adjusting medical expense and other itemized deductions, and determining additions to tax. Petitioners originally requested San Francisco as the place of trial in this case. Respondent moved to have the place of trial transferred to Phoenix, Arizona. This motion was granted on December 14, 1984. On December 24, 1984, petitioners moved to have the place of trial changed back to San Francisco because necessary records and witnesses allegedly were in San Francisco. Petitioners' motion was granted on January 3, 1985. Petitioners called no witnesses at trial. OPINION Charitable Contributions
Petitioners contend that they made charitable contributions to the Universal Life Church in 1982. The authorities establishing the status of the Universal Life Church in Modesto, California (ULC Modesto) as an organization exempt under section 501(c)(3) *86 [3] do not establish exemption for local chapters of the Universal Life Church. See Davis v. Commissioner,81 T.C. 806, 815 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). Petitioners do not claim that ULC No. 24564 by itself qualified as an exempt organization. Instead, they claim that they made contributions to ULC Modesto. Petitioners bear the burden of proving their claimed contributions are deductible. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a).
At trial petitioner, Richard McMains, testified that neither he nor his wife actually mailed or delivered checks for contributions to ULC Modesto. He explained that he made contributions by depositing checks payable to "ULC," "ULC #24564" or "ULC, Inc." in an account over which petitioners had sole signatory authority. *87 Petitioners introduced no admissible evidence to show that ULC Modesto actually received the amounts deposited into this account or that ULC Modesto received any contributions from petitioners in 1982. [4]
*88 Petitioners' continued dominion and control over the bank account in question through their sole signatory authority and their use of funds from this account to pay personal expenses prevents us from finding that they made a charitable contribution. Sec. 170(c)(2)(C); Davis v. Commissioner,supra at 817-818; Miedaner v. Commissioner,81 T.C. 272, 281 (1983). This Court has previously decided that petitioners failed to prove that they donated the Property in 1978 to ULC Modesto or any other qualified tax exempt organization. McMains v. Commissioner,T.C. Memo. 1986-266. Petitioners are collaterally estopped from relitigating this issue. [5] See Commissioner v. Sunnen,333 U.S. 591, 598-599 (1948); Lea, Inc. v. Commissioner,69 T.C. 762, 765-767 (1978). Because there was no contribution in 1978, there was no unused charitable *89 contribution carryover which petitioners could apply to their 1982 tax year. Accordingly, we find for respondent on the issue of petitioners' disallowed charitable contributions. Unreported income
In the notice of deficiency respondent determined that petitioners had unreported income in 1982 in the amount of $2,261. In the explanation accompanying the deficiency notice, respondent identified the unreported income as "Farm Income/ULC." Respondent's deficiency determination is presumed to be correct and petitioners bear the burden of disproving it. Helvering v. Taylor,293 U.S. 507, 515 (1935); Welch v. Helvering,290 U.S. 111, 115 (1933). At trial, respondent questioned McMains about whether petitioners raised crops or animals on the Property. McMains testified that they did not raise crops for commercial purposes but that his wife had a vegetable garden. He further testified that his wife had been unsuccessful in this effort because rabbits and cattle had eaten the vegetables from the garden. Respondent did not dispute McMains' statement with respect to the results of petitioners' gardening during 1982. Respondent also did not offer *90 any evidence to support the deficiency determination on the issue of unreported income.[6] On this record we find McMains' testimony credible as to this farming or gardening issue for 1982. In the absence of any evidence from respondent to support the deficiency determination, we find that petitioners have satisfied their burden of proof on this issue. See Baird v. Commissioner,T.C. Memo. 1972-75. Additions to Tax Under Section 6653(a)(1) and (2)
Respondent has determined that petitioners are liable for additions to *91 tax under section 6653(a)(1) and (2). These additions to tax may be imposed upon a finding that the taxpayer's underpayment was due to negligence or intentional disregard of the rules and regulations. Petitioners bear the burden of showing error in respondent's determinations. Bixby v. Commissioner,58 T.C. 757 (1972). Petitioners have presented no evidence on this issue and respondent's determinations must be sustained. Damages under Section 6673
Respondent seeks to have damages awarded to the United States under section 6673. To award damages under this section we must find that petitioners instituted this proceeding primarily for delay or that their position in this proceeding is frivolous or groundless. We have found for petitioners on the issue of unreported income, and we do not find that their position in this proceeding is groundless. Accordingly, we conclude that damages should not be awarded under section 6673. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and as in effect during the tax year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. This Court has previously considered facts and issues involved in this case with regard to petitioners' 1979, 1980 and 1981 tax years. McMains v. Commissioner,T.C. Memo. 1986-266↩.
3. Universal Life Church, Inc. v. United States,372 F. Supp. 770 (E.D. Cal. 1974). We note that the Internal Revenue Service has revoked its determination that the Universal Life Church in Modesto was a qualified organization under section 170(c)(2). Announcement 84-90, 1984-36 I.R.B. 32↩ (Sept. 4, 1984).
4. At trial petitioners sought to introduce a document entitled "Annual Receipt of Contributions for the Year of 1982," purporting to show that ULC Modesto received contributions from them in the amount of $10,977.75. Petitioners also sought to introduce 35 individual Universal Life Church receipt forms allegedly acknowledging each of petitioners' contributions during 1982. Respondent objected to the documents based on hearsay and lack of authentication or proper foundation. This Court reserved ruling on the admissibility of the documents. While we think these documents would have little probative value if admitted, we nevertheless hold that the documents should be excluded as inadmissible hearsay. Petitioner, Richard McMains, stated that he could not produce witnesses to authenticate the receipts. Petitioners have failed to satisfy the requirements of Rule 803(6), Fed. R. Evid. and the documents do not fall within any other exception to the hearsay rule. See Davis v. Commissioner,81 T.C. 806, 814 (1983), affd. without published opinion 767 F.2d 931↩ (9th Cir. 1985).
5. Our holding makes it unnecessary for us to consider the admissibility of a letter which petitioners sought to introduce. The letter purportedly was written by the property supervisor of ULCModesto in explanation of petitioners' continued presence on the property.↩
6. On brief respondent stated that the bank deposits method of reconstructing income was used to determine the amount of petitioners' unreported income. Respondent offered neither evidence of petitioners' bank statements nor any other books or records of petitioners. In his brief, respondent specifically conceded that evidence of income determined by the bank deposits method had not been "brought out at the trial." We have no information as to respondent's reasons for failing to introduce at trial whatever evidence he may have had available with respect to petitioners' bank accounts or other financial assets during the period in issue.↩