STANDARD HOSIERY MILLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28954.   Filed December 18, 1956.

*Jacquin D. Bierman, Esq.*, and *Richard S. Helstein, C. P. A.*, for the petitioner.

*Martin D. Cohen, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* Petitioner contends that the legislative and administrative history of section 722 establishes its right, as a matter of law, to use the constructive average base period net income finally determined for the year ended October 31, 1941, as adjusted [3] under section 711 (b), in computing its excess profits taxes for all subsequent years; that this contention is consistent with respondent's regulations on the subject; and that, in any event, respondent is estopped from reconsidering his determination of constructive average base period net income for the taxable year ended October 31, 1941, with respect to all subsequent years.

Section 722 originally consisted of but one sentence. It had its appearance in "Subchapter E—Excess Profits Tax," which subchapter was inserted in the Internal Revenue Code of 1939 by section 201 of the Second Revenue Act of 1940, approved October 8, 1940. On March 7, 1941, it was amended by section 6 of the Excess Profits Tax Amendments of 1941 so as to consist of 5 subsections, (a) to (e), inclusive. We need not dwell longer on this early history of section 722 or to consider the regulations [4] approved thereunder for the reason that section 722 was later amended by section 222 of the Revenue Act of 1942, approved October 21, 1942, which amendments to section 722 as provided in section 222 (e) "shall be applicable with respect to taxable years beginning after December 31, 1939."

---

[3] This adjustment is for income taxes for the base period years and is automatic due to the repeal of section 711 (b) (1) (A) by section 202 (c) (2) of the Revenue Act of 1941, effective under section 205, 1941 Act, with respect to taxable years beginning after December 31, 1940, and is not in dispute.

[4] The original Regulations 109 were published as T. D. 5037 (1941–1 C. B. 117, 153) and were amended by T. D. 5045 (1941–1 C. B. 69, 70, 102) to conform to the Excess Profits Tax Amendments of 1941.

Section 722 (d), as amended by section 222 of the Revenue Act of 1942, provided in part as follows:

(d) APPLICATION FOR RELIEF UNDER THIS SECTION.—The taxpayer shall compute its tax, file its return, and pay its tax under this subchapter without the application of this section * * *. The benefits of this section shall not be allowed unless the taxpayer * * * makes application therefor in accordance with regulations to be prescribed by the Commissioner with the approval of the Secretary * * *. If a constructive average base period net income has been determined under the provisions of this section for any taxable year, the Commissioner may, by regulations approved by the Secretary, prescribe the extent to which the limitations prescribed by this subsection may be waived for the purpose of determining the tax under this subchapter for a subsequent taxable year.

The first regulation on the above section 722 (d) was section 30.722–5 (e) of Regulations 109 contained in T. D. 5264 (1943 C. B. 761, 764, 791) approved May 8, 1943, the material part of which provided:

(e) *Waiver of limitations for subsequent taxable years.*—If constructive average base period net income is finally determined under section 722 (a) with respect to a taxpayer, * * * and if, in the opinion of the Commissioner, no substantial evidence exists which requires a redetermination of such constructive average base period net income for use in any subsequent taxable year, such taxpayer may without the filing of any application on Form 991 (revised January, 1943) use the constructive average base period net income so determined, except as further adjustments may be required by section 711 (b), in computing its excess profits credit based on income and its excess profits tax in any return required to be filed thereafter. * * *

Eligibility for relief and a constructive average base period net income finally determined on behalf of a taxpayer with respect to an excess profits tax taxable year may have to be reestablished with respect to a subsequent taxable year if: [Note: Here are listed six specific fact situations, any one of which, if present, would require the reestablishment of the constructive average base period net income. However, in the instant case, not any of the listed fact situations is present.]

On December 17, 1943, Public Law 201, 78th Cong., 1st Sess., was approved. This Public Law amended section 722 (d) [5] but the amendments are not material in so far as our present problem is concerned.

On January 25, 1944, Regulations 112, relating to the excess profits tax under the 1939 Code, as amended, were approved. These regula-

---

[5] Section 722 (d), as amended by Pub. L. 201, provides:

(d) APPLICATION FOR RELIEF UNDER THIS SECTION.—The taxpayer shall compute its tax, file its return, and pay the tax shown on its return under this subchapter without the application of this section, except as provided in section 710 (a) (5). The benefits of this section shall not be allowed unless the taxpayer within the period of time prescribed by section 322 and subject to the limitation as to amount of credit or refund prescribed in such section makes application therefor in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. If a constructive average base period net income has been determined under the provisions of this section for any taxable year, the Commissioner may, by regulations approved by the Secretary, prescribe the extent to which the limitations prescribed by this subsection may be waived for the purpose of determining the tax under this subchapter for a subsequent taxable year.

tions are applicable only to taxable years beginning after December 31, 1941.

On July 21, 1944, T. D. 5393 (1944 C. B. 415) was approved. See paragraphs 5, 6, 11, and 12 of this Treasury Decision, wherein certain sections of Regulations 109 and 112 are stricken out, renumbered, and amended, so that sections 30.722–5 (d) of Regulations 109 and 35.722–5 (d) of Regulations 112, both identically provide, in part, as follows:

(d) *Waiver of limitations for subsequent taxable years.*—The taxpayer shall file an application for relief under section 722 for each taxable year for which such relief is claimed, regardless of whether a constructive average base period net income has been determined with respect to such taxpayer for a prior taxable year. However, if a constructive average base period net income has been finally determined under section 722 (a) with respect to the taxpayer * * *, such taxpayer may use the constructive average base period net income so determined, except as further adjustments may be required by section 711 (b), in computing its excess profits credit based on income, its adjusted excess profits net income, and its excess profits tax in any return required to be filed thereafter. If the taxpayer is of the opinion [6] that, by virtue of a change in the factors upon the basis of which relief has been determined for a prior taxable year, it is entitled to a constructive average base period net income in a subsequent taxable year in an amount less than that previously determined, it may use such smaller amount as a constructive average base period net income in computing its excess profits tax on its return filed for such subsequent year. If upon examination of a return in which the taxpayer, in accordance with the two preceding sentences, has used, in whole or in part, a constructive average base period net income previously determined, the Commissioner may, if the facts in the case warrant such action, determine that for the taxable year no constructive average base period net income under section 722 is allowable or that a constructive average base period net income is allowable in a different amount.[7]

Petitioner, in support of its contention that the legislative and administrative history of section 722 establishes its right, as a matter of law, to use the constructive average base period net income finally determined for the year ended October 31, 1941, relies heavily upon a statement [8] made in Conference Report No. 2586, 77th Cong., 2d Sess. (1942–2 C. B. 701, 721) which accompanied the Revenue Bill of 1942

---

[6] It is conceded that at no time was petitioner of such an "opinion" as is referred to in this regulation.

[7] The remainder of sections 30.722–5 (d) of Regulations 109 and 35.722–5 (d) of Regulations 112 dealt with matter with which we are not here concerned, and with the kind of facts, which, if they existed, might, under the regulations, require a redetermination of a constructive average base period net income for use in any subsequent taxable year. Petitioner has established that no such facts exist in the instant case.

[8] The Conference Report reads in part as follows:

"Under the existing law, as interpreted by the Commissioner of Internal Revenue, it was necessary for the taxpayer to compute his [sic] tax without regard to the relief provisions and file a claim for refund for each taxable year. It is believed that such a procedure should not be followed where the taxpayer has had its constructive average base period net income finally determined for any year. Such determination should permit the taxpayer to use the base period net income so determined as a basis in computing its excess profits tax for any future year."

(H. R. 7378). What we think Congress intended was that if a constructive average base period net income had been finally determined administratively for any taxable year, the Commissioner, by proper regulations, might administratively permit the use of such constructive average base period net income in the computation of the tax shown on the return for a subsequent taxable year. We do not think Congress ever intended that once a constructive average base period net income had been finally determined administratively for a given year, petitioner, upon such final determination, acquired a substantive right in such constructive average base period net income for all future taxable years. Such a construction of the statute would perpetuate any error that might have been made either in favor of the taxpayer or against the taxpayer in the administrative determination for the earlier year, and would for later years make meaningless the provision contained in section 732 for a "redetermination" by this Court.

We are, therefore, of the opinion that, except where the prior final determination is one made by this Court, thereby introducing the doctrine of res judicata and/or collateral estoppel,[9] the respondent may, under the above-mentioned regulations, make an administrative redetermination of the constructive average base period net income for any subsequent year "if the facts in the case warrant such action." The respondent no doubt was of the opinion that the facts in the instant case did warrant a redetermination of the constructive average base period net income for subsequent years, for in the statutory notice mailed to petitioner on March 15, 1950, he stated "it has been determined that you have not established your right to the relief requested in your applications." Notwithstanding petitioner's contention to the contrary, this determination is presumed to be correct and the burden of disproving it is upon petitioner. See Rule 32 of the Tax Court Rules of Practice, and *Avery* v. *Commissioner*, (C. A. 5, 1927) 22 F. 2d 6.

Petitioner contends, however, that it relied to its detriment upon representations made by respondent in his letter to petitioner dated September 24, 1945, and that as a result thereof respondent is estopped for the years ended October 31, 1942, 1943, 1944, and 1945, from reconsidering his prior determination of constructive average base period net income.

It is true respondent advised petitioner that in filing its return for 1945 the constructive average base period net income as theretofore determined for 1941 could be used, and petitioner did in fact use the constructive average base period net income so determined

---

[9] Cf. *George Kemp Real Estate Co.*, 17 T. C. 755, affd. (C. A. 2, 1953) 205 F. 2d 236, certiorari denied 346 U. S. 876 ; *Jacob's Fork Pocahontas Coal Co.*, 24 T. C. 60 ; and *Stern & Stern Textiles, Inc.*, 26 T. C. 1000.

for the earlier year. But, as we have already pointed out, the right to so make a return did not confer on petitioner substantive rights of a nature that would prevent the respondent from correcting in years subsequent to 1941 what he regarded as an error in his earlier determination. It may be noted that the special right to use the 1941 constructive average base period net income in computing the tax in later returns had no application to the returns for the years 1942, 1943, and 1944, for which years petitioner was required to file claims for relief under section 722 just as it had done for 1941. In our opinion, there is no basis for the application of the principle of equitable estoppel in this case and the fact that petitioner may have destroyed some of its records that may be helpful in making proof does not change the situation. We think petitioner's argument on this point is without merit.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*