The Bradford Machine Tool Company v. Commissioner.
Bradford Machine Tool Co. v. Commissioner
Docket No. 44921.
United States Tax Court
T.C. Memo 1957-55; 1957 Tax Ct. Memo LEXIS 193; 16 T.C.M. (CCH) 241; T.C.M. (RIA) 57055; March 29, 1957
Philip J. Schneider, Esq., Union Central Building, Cincinnati, Ohio, Herbert Shaffer, Esq., and William C. Kelly, Esq., for the petitioner. George J. LeBlanc, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner has rejected the petitioner's claims for excess profits tax relief for the years 1942 through 1946 under section 722 of the Internal Revenue Code of 1939. The petitioner in its brief states the "QUESTIONS PRESENTED" as follows: "Has the Commissioner any lawful authority to make in 1952 an administrative decision that taxpayer is not entitled to use, as the basis for relief under § 722 I.R.C. for any of the taxable years 1942 to 1945, inclusive, any CABPNI for its base period 1936 to 1939 inclusive, said decision being made under *194 the following circumstances: "1. Said 1952 administrative decision by the Commissioner is contradictory to, reverses and arbitrarily nullifies the prior administrative decision the Commissioner made in 1943, that Taxpayer was entitled to relief under § 722 I.R.C., that Taxpayer was entitled to a CABPNI for the base period 1936 to 1939, inclusive, in the amount of $121,106.62, and that taxpayer was authorized to use such CABPNI as the basis of relief under the above section, in computing its excess profits credit and excess profits taxes for the taxable year 1941 and for each subsequent taxable year. "2. Said 1952 administrative decision by the Commissioner was based upon the Commissioner's reexamination, reconsideration, and change of opinion and of his conclusion from the same facts, with respect to the base period 1936 to 1939 inclusive, and relevant and material to the determination of taxpayer's qualification for relief under § 722 I.R.C. and relevant and material to the amount of the CABPNI of taxpayer for the base period, as those which had been submitted to him prior to his 1943 administrative decision. "3. Said 1952 administrative *195 decision by the Commissioner was based upon no finding that his prior administrative decision made by him in 1943 was erroneous by reason of any fraud, mistake or gross error, or any other reason." The petitioner, in its reply brief states "Petitioner is not seeking in this proceeding and has made no effort de novo to prove facts to establish its qualification for relief under § 722 I.R.C., or to establish, re-establish, revise, or in any way disturb the final allowance of its CABPNI for the base period years (1936 to 1939) and used for the years 1940 and 1941." All of the facts necessary for the decision of the issues presented are established in the record. It is true, as the petitioner contends, that the Commissioner granted relief to the petitioner for the years 1940 and 1941 under section 722 and in so doing determined constructive average base period net income for each year. The petitioner then, upon request, received the written permission of the Commissioner to use the constructive average base period net income determined for 1941 for computing its excess profits credit for later years, and it used that amount with the appropriate statutory adjustments *196 on its returns for those years. But the Commissioner then rejected the claims for relief represented by those returns and determined the excess profits credits for those years under the invested capital method. The arguments which the petitioner makes on the only issues which it says are presented are the same arguments which were made and rejected after a thorough consideration in Standard Hosiery Mills, Inc., 27 T.C. 525 (12/18/56). This case is not distinguishable factually or otherwise from that one, and upon authority of that case this case is decided in favor of the Commissioner. Reviewed by the Special Division. Decision will be entered for the respondent.