**STERN & STERN TEXTILES, INC.** (Successor in Interest to Huguet Fabrics Corporation), Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent.

Nos. 5–8, Dockets 24542–24545.

United States Court of Appeals Second Circuit.

Argued Dec. 4, 1958.

Decided Feb. 2, 1959.

Howe P. Cochran, Washington, D. C., for petitioner, Margaret F. Luers and Betty Cochran Stockvis, Washington, D. C., of counsel.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Harry Marselli, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

SWAN, Circuit Judge.

The petitioner seeks review of a decision of the Tax Court, reported in 26 T.C. 1000, holding that the doctrine of collateral estoppel precludes the taxpayer from litigating its claim to relief under § 722 (b) of the 1939 Code, as amended, 26 U.S. C.A. Excess Profits Taxes, § 722(b), for its five fiscal years ending September 30, 1942 through 1946 inclusive.

■ Before reaching the merits of the appeal it is necessary to consider the Commissioner's contention that this court lacks jurisdiction to review the Tax Court's decision. The contention is based on § 732(c), 26 U.S.C.A. Excess Profits Taxes, § 732, set forth in the margin.[1] However, the precise point was decided by this court adversely to the Commissioner in George Kemp Real Estate Co. v. Commissioner, 2 Cir., 205 F.2d 236, certiorari denied 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384, which held that since the Tax Court based its decision on the doctrine of collateral estoppel we have jurisdiction to review despite the provisions of § 732(c). The Kemp case was not mentioned in Crowell-Collier Pub. Co. v. Commissioner, 2 Cir., 259 F.2d 860, and we see nothing in the Crowell-Collier opinion to indicate any departure from or weakening of it. If, as the Commissioner asserts, decisions in other circuits are in conflict with it, an authoritative ruling can probably be obtained by certiorari. In the meantime we shall continue to adhere to the Kemp decision.

We turn now to the merits of the appeal. The Tax Court's decision of collateral estoppel is based on its prior decision involving the taxable year ended September 30, 1941. The suit involving that year was brought by Huguet Fabrics Corporation, the predecessor in interest to the present petitioner, and relief was claimed under § 722(b), the same section under which relief is now claimed for the subsequent years. Relief was denied. Huguet Fabrics Corporation, 19 T.C. 535. It is conceded by appellant that in both cases the issue was the same, namely, whether a change in 1940 in the taxpayer's method of selling its products was sufficient to warrant the conclusion that taxpayer so modified the character of its business during the base period that its average base period net income was not a fair standard for the application of excess profits taxes. Nor is it denied that the principle of collateral estoppel is applicable if there has been no change in the controlling facts.[2] The appellant contends, however, that the controlling facts have not remained static and unchanged. It argues that the facts in the case respecting the later years are materially different from those of the 1941 case, because the prior decision "turned" on a mutual mistake of fact, introduced by stipulation, and proved in the later case to have been erroneous. It maintains that except for this error in the stipulation relief would have been granted in the 1941 case. This contention was carefully considered by the Tax Court. It held that the "bit of evidence" introduced by the prior stipulation, assuming it to have been wrong, would not have produced a different result in the

1. "(c) *Finality of determination.* If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Tax Court."

2. The only case cited in appellant's brief is Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 599, 68 S.Ct. 715, 720, 92 L.Ed. 898, where the court said: "That principle is designed to prevent repetitious lawsuits over matters which have

once been decided and which have remained substantially static, factually and legally. It is not meant to create vested rights in decisions that have become obsolete or erroneous with time, thereby causing inequities among taxpayers.

"And so where two cases involve income taxes in different taxable years, collateral estoppel must be used with its limitations carefully in mind so as to avoid injustice. It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged."

prior case. It analyzed the prior record and opinion and concluded that § 722 relief was denied in the 1941 case because petitioner had not introduced sufficient evidence that it had undergone a qualifying change in the character of its business. We also have examined the Huguet Fabrics opinion reported in 19 T.C. 535 and have reached the same conclusion. At page 546, the opinion stated:

> "* * * and the petitioner has not met its burden of proving that during the base period it embarked upon a new and different business. * * *

> "From the state of the record before us we cannot make a finding that the petitioner embarked upon a new business and adopted new selling methods with respect to this business, nor that any such enterprise was separate and apart from its silk and rayon business."

And at page 547, the court said:

> "We must conclude from the state of the record in this case that insufficient evidence was introduced to establish the existence during the base period of a qualifying change within the requirements of section 722 of the Code. * * * we hold that the petitioner has not shown the existence of any of the factors enumerated in paragraph 4 of section 722(b)."

The same arguments with respect to the claimed error were presented to the Tax Court and are adequately discussed in its opinion. We see no necessity of discussing them again. Indeed, if the error was of such a character that the substitution of an accurate statement of the facts would require a finding in this case that "the taxpayer, either during or immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business" (Section 722[b]), we would favor a reversal of the decision of the Tax Court. But the position of

the Commissioner here rests upon a much more substantial foundation. The mistake, if there was one, was purely incidental and of no consequence.

In the initial case relating to the taxpayer's liability for the fiscal year ending September 30, 1941, the basic question was whether under § 722(b) the average base period net income was an adequate standard of normal earnings. The Tax Court then held that the taxpayer had not demonstrated the inadequacy and unfairness of the base period net income because: (1) there was insufficient proof to show a change in the character of taxpayer's business either in the products manufactured or in the methods of sale; (2) there was insufficient proof that the asserted change resulted in lower costs; (3) there was insufficient proof that any such alleged lower costs were not passed on to the taxpayer's customers; and (4) the evidence did not indicate any temporary circumstances which depressed business during the base period.

When this identical issue arose with respect to taxpayer's excess profits income in subsequent years, taxpayer complained that a "material," "mutual" mistake of fact had been made in the prior determination and that the doctrine of collateral estoppel ought not to apply. We need not pause to analyze all the various problems inherent in taxpayer's position. Treated in its most favorable light the alleged error occurred in certain schedules of sales submitted under stipulation to show a change in selling method. Because of this error, the court may well have found that instead of selling its nylon products directly to manufacturers as claimed, taxpayer still used jobbers during the crucial period. Even so, it can be readily seen that the failure to demonstrate the change in selling method was only one of several alternate grounds for the conclusion that base period net income had not been shown to be "abnormal." Hence despite any "material" effect the error may have had on the issue of the change in selling meth-

od, it was not "material" to the basic overall question previously litigated.

Since the parties, the issue, the "controlling" facts and the applicable law are all the same as in the earlier litigation, the doctrine of collateral estoppel is plainly applicable.

Decision affirmed.