MURIEL R. JACOBS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacobs v. Commissioner
Docket No. 3521-81.
United States Tax Court
T.C. Memo 1982-198; 1982 Tax Ct. Memo LEXIS 548; 43 T.C.M. (CCH) 1071; T.C.M. (RIA) 82198; April 14, 1982. Muriel R. Jacobs, pro se. Thomas N. Thompson, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: This matter is before the Court on respondent's motion for summary judgment, which was filed herein on February 2, 1982, pursuant to the provisions of Rule 121 of the Tax Court's Rules of Practice and Procedure.[1] This motion was noticed for argument at a trial session of the Court at Ogden, Utah *549 on March 1, 1982, and was argued by the parties on that day. The years before the Court are the calendar years 1977, 1978 and 1979, as to which respondent determined deficiencies of tax in the respective amounts of $ 1,285, $ 1,378 and $ 1,582, together with additions to the tax under section 6653(a) of the Internal Revenue Code[2] in the respective amounts of $ 64,$ 69 and $ 79. Respondent's motion for summary judgment consists of two distinct elements: A. Respondent contends, as affirmatively pleaded in his amended answer herein, that petitioner is barred by the doctrine of collateral estoppel from litigating the issues presented to this Court by her petition herein, since such issues have been decided adversely to petitioner in prior cases decided by this Court, in which petitioner was a party. B. That petitioner should be held liable for damages under the provisions of section 6673, since her petition herein was *550 frivolous and filed merely for purposes of delay, as affirmatively alleged by respondent in his amended answer herein. [3]
These two issues will be considered separately. I In order to determine whether respondent's invocation of the doctrine of collateral estoppel against petitioner in this case is correct, a review of the prior litigation between the parties is necessary. Petitioner and her then husband, Clarence C. Jacobs, first appeared before this Court with respect to their tax years 1966, 1967 and 1968, in a case conducted under the "small tax case" procedures authorized by Rules 170 through 179; see also section 7463. In that case, which was decided as T.C. Summary Opinion 1971-22, one of the two issues, both of which were decided against petitioner and her former husband, was whether or not the petitioners had incurred a capital loss under section 165 in the year 1962 as the result of certain transfers involving portions of their real property located in the City *551 of Roy, Utah. According to the facts found in that opinion, in 1962 at the request of the owner of the property adjoining petitioner's land to the north and the County Surveyor, petitioners quitclaimed to said property owner five feet of land from the northern part of their property and in return received five feet of land from the property owner of the land adjacent to them to the south. Petitioners contended before us that the inducement to convey their property in that transaction was fraudulent and that as a result of said conveyances, in light of the zoning restrictions which then existed with respect to allowable lot sizes, they were fraudulently deprived of the possibility of subdividing their property for sale in three lots. In that case we noted that the petitioners had sued in a Utah District Court to rescind the quit-claim deeds because of fraud or misrepresentation and, in 1965, had judgment entered against them. Holding that there had been no identifiable event upon which any loss could be predicated, we found for respondent. This issue, which we will hereinafter refer to as "Issue A", is described here because it is the first time this issue was litigated between *552 the parties. That case will hereinafter be referred to as Jacobs I. Petitioner, having in the meantime been divorced from her husband Clarence C. Jacobs, next appeared before this Court with respect to her tax years 1972 and 1973. In that case, decided by this Court as T.C. Memo. 1977-1, and hereinafter referred to as Jacobs II, petitioner claimed "theft losses" for the years 1972 and 1973 with regard to the transaction known herein as Issue A, and, in addition, petitioner raised a new and separate issue, hereinafter known as "Issue B" which, as found by the Court in Jacobs II, involved the following: In 1955, petitioner and her then husband purchased as their residence a house and lot in the City of Roy, Utah. In the year 1971 the City of Roy instituted a condemnation action in the Weber (Utah) County District Court to acquire a strip of land constituting part of petitioner's property, taking a total area of approximately 3,927 square feet. Petitioner and her then husband contested the taking of this land by eminent domain in the State Court, but, after a jury trial in said court, the taking by eminent domain by the City of Roy was upheld, and petitioner and her *553 former husband were awarded $ 1,000 as compensation for the land taken, and such amount was paid to them in 1972. In her 1972 and 1973 income tax returns, petitioner claimed "theft losses" by reason of this taking of part of her property by the City of Roy. In Jacobs II, both Issues A and B were therefore before the Court. In its opinion in Jacobs II, the Court held that, with respect to Issue A, petitioner had failed to prove that she suffered any loss. With respect to Issue B, the Court, in addition to holding that petitioner had failed to sustain the burden of proving that she had suffered any deductible loss with respect to this transaction, went on to find specifically that … petitioner and her husband did not suffer a loss on the transaction. Petitioner appeared before this Court for the third time with respect to her years 1974, 1975 and 1976. In this case, decided as T.C. Memo. 1980-308, and hereinafter known as Jacobs III, petitioner apparently raised only Issue B, as justification for the claimed "theft losses" in her returns for those years, which had been disallowed by respondent. In Jacobs III, this Court again held that petitioner had not only *554 failed to prove that she had suffered any theft loss as the result of the taking of her property by the City of Roy, but went on to find that petitioner actually had realized a gain as the result of the condemnation award which she had received as the result of the litigation in the State Court. Neither of the State Court actions involved in Issues A or B were appealed. Petitioner is not before the Court for the fourth time, with respect to her tax years 1977, 1978 and 1979. In these years, petitioner had claimed in her returns casualty losses in the respective amounts of $ 96,950, $ 104,895, and $ 113,540, which respondent in his statutory notice herein had disallowed on the grounds that petitioner had not shown that she had suffered and such casualty losses. Although petitioner's petition herein, appealing such disallowances, was not clear on its face that petitioner was basing her deductions for "casualty/theft loss" upon the facts and circumstances described herein as Issues A and B, petitioner admitted upon her argument of respondent's motion for summary judgment herein that the deductions claimed in her return for casualty losses, and her petition to this Court with respect *555 to respondent's disallowance of the same, were based upon both Issues A and B, and petitioner further conceded that she had no evidence to present which would link any alleged losses from these two transactions to the years 1977, 1978 and 1979. [4] Petitioner made no claim that there were any factual differences with respect to Issues A and B, as previously litigated in this Court, nor did petitioner claim that there had been any change in the law as applicable to Issues A or B. This case therefore presents a classic example of the applicability of the doctrine of collateral estoppel. The parties before the Court are the same as the parties in Jacobs II and Jacobs III. The issues before the Court are the same issues as were considered and decided in Jacobs II and/or Jacobs III. There has been no intervening change in the statutory law or the legal climate as it applies to the issues presented here. Although *556 the doctrine of collateral estoppel in tax cases … must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal issues remain unchanged…. Commissioner v. Sunnen,333 U.S. 591, 599-600 (1948), that test has been precisely met herein. Petitioner has previously litigated and lost in this Court on both Issues A and B, and she is now foreclosed from relitigating those same issues again with respect to other years. The doctrine applies equally where the prior case made a specific finding adverse to petitioner, as in the case of Issue B, see Jacobs II and Jacobs III, and it also applies where petitioner litigated Issue A in one or more of the prior proceedings and lost for failure to carry her burden of proof. Fairmont Aluminum Co. v. Commissioner,22 T.C. 1377 (1954), affd. 222 F.2d 622 (4th Cir. 1955), cert. den. 350 U.S. 838; Stern and Stern Textiles, Inc. v. Commissioner,26 T.C. 1000 (1956), *557 affd. 263 F.2d 538 (2nd Cir. 1959), cert. den. 361 U.S. 831. With respect to the deficiencies in tax determined by respondent herein, therefore, respondent is entitled to prevail as a matter of law, and his motion for summary judgment will be granted. II In his statutory notice of deficiency herein, respondent also determined that there were additions to the tax for each year under the provisions of section 6653(a). The burden of proof with respect to such additions to the tax contained in respondent's statutory notice is on the petitioner. Herbert Enoch v. Commissioner,57 T.C. 781 (1972). So far as the applicability of these additions to tax in the present case is concerned, we can do not better than to quote the language of the Court in Jacobs III, where additions to the tax for negligence were also determined against petitioner: The record shows that petitioner took the theft loss deductions on her 1974 and 1975 returns after the condemnation proceedings were closed. She knew that she had claimed similar deductions in 1972 and 1973 *558 which were being questioned. Petitioner has made no showing that she did not intentionally disregard rules and regulations in claiming the theft loss deductions. The record indicates that in fact she did take the deductions with intentional disregard of rules and regulations. We therefore sustain respondent's determination of the addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a)…. That is precisely the same situation as presented in the instant case. Petitioner freely admitted upon argument of the motion for summary judgment herein that she continued to claim these losses every year in her tax returns, knowing that the issues had previously been decided against her, but continuing to claim them on the basis that she was "… entitled to be treated fairly and honestly". No matter how sincere petitioner may be in her feeling that she had been treated unfairly, or even fraudulently, with respect to Issues A and B (by the City of Roy, et al, or by the state courts), we do not think it is possible any longer to hold that there was a "bona fide dispute" which petitioner had with respondent with respect to these items and her *559 income tax liability. Compare American Properties Inc. v. Commissioner,28 T.C. 1100, 1116 (1957), affd. per curiam 262 F.2d 150 (9th Cir. 1958). In view of the past history of litigation between this petitioner and respondent on these same issues, it is clear that petitioner had no genuine grounds for believing that her position had any sustainable legal basis. [5] Nor is there any reasonable basis, and petitioner has suggested none, which would connect events occurring in 1962 and 1972, respectively, with the years presently before the Court. We accordingly sustain respondent's imposition of additions to the tax herein under section 6653(a). Turning to respondent's motion for the imposition of damages under the provisions of section 6673, we likewise hold in favor of respondent. After three prior cases in this Court, involving one or both of Issues A and B, petitioner must have known, in the exercise of ordinary intelligence, that she had no hope of success. In fact, as noted by the Court in Jacobs II, and as came out at oral argument on respondent's motion herein, *560 the only thing petitioner has accomplished by continuing to claim large "casualty losses" in her returns for each taxable year and subsequently litigating the same in this Court, is to eliminate all her income for the years in issue before this Court, secure refunds of tax withheld, and avoid paying any tax at all with respect to the years before the Court until such years were finally decided. In the instant case, this means that instead of paying her taxes for the years 1977, 1978 and 1979 at the normal time, petitioner has still not paid them and will not do so until the final decision in this case is entered. Section 6673provides in part: Whenever it appars to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $ 500 shall be awarded to the United States by the Tax Court in its decision…. With respect to the propriety of imposing the penalty under section 6673, this case presents a situation which is just as bad, if not worse, than that which was presented to this Court in Sydnes v. Commissioner,74 T.C. 864 (1980), *561 affd. 647 F.2d 813 (8th Cir. 1981). The cost to this Court and to respondent in time and effort to litigate these issues, which by now must be considered frivolous, goes well beyond the limited amount of damages which this Court by law is able to award. Respondent's motion for the imposition of $ 500 in damages under section 6673 is clearly warranted. Accordingly, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. All section references herein are to the Internal Revenue Code of 1954 as amended, unless otherwise noted.↩
3. Although not specifically addressed in respondent's motion, we shall treat the question of additions to tax under section 6653(a)↩, as determined in the statutory notice, as part of this element.
4. It can be further noted that the amounts claimed as losses by petitioner with respect to the various years, all based on these transactions, bear no similarity to each other, and seem to have been chosen entirely at random.↩
5. See Wangrud v. Commissioner,T.C. Memo. 1980-162↩.