J. H. McKINLEY AND EDNA McKINLEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76846.   Filed April 14, 1960.

*Grover Cunningham, Jr., Esq.,* for the petitioners.
*Harold L. Cook, Esq.,* and *Allen T. Akin, Esq.,* for the respondent.

OPINION.

BLACK, *Judge:* Petitioners state their contentions in their brief as follows:

No. 1. Since W. D. Robbins has pled [*sic*] guilty to theft by false pretext by virtue of the subject transaction with the petitioner, there is nothing further for this court to decide, since the issue of theft is governed by State law, and such matter has already been determined by the State courts.

No. 2. In the alternative Petitioner contends that the preponderance of the evidence before this court is to the effect that the transaction between W. D. Robbins and the Petitioner properly is characterized as a theft.

In support of their contention that they are entitled to take a theft loss of $12,500 in the taxable year 1955 instead of the non-business bad debt deduction which the Commissioner has determined in his deficiency notice, petitioners rely upon *Morris Plan Co. of St. Joseph*, 42 B.T.A. 1190. That case held that under the circumstances present in that case the vendor obtained petitioner's money by deceit and artifice which amounted, under the Missouri law, to theft and the taxpayer's loss was sustained in 1936 when it parted with the money. In the *Morris Plan Co.* case, in deciding the issue for the taxpayer, we said:

> For the purpose of the present report, exactness in determining the nature of the crime, i.e., whether it be larceny, embezzlement, obtaining money under false pretenses or otherwise, or in naming the guilty party or parties, is of less importance than the character of the deduction. The controlling fact is that petitioner sustained its loss as a result of transactions in 1936 which amounted to theft under the laws of Missouri.

We think that case does sustain petitioner's contention that local law determines whether a theft has occurred. Also, we think that inasmuch as Robbins was indicted in 1958 by the grand jury of Howard County, Texas, for theft and that he was subsequently found guilty and sentenced to the Texas penitentiary for a term of 3 years, petitioner has established that Robbins obtained the $12,500 from petitioner in 1955 by theft through false pretense.

The United States Court of Appeals for the Fifth Circuit, in *Edwards* v. *Bromberg*, 232 F. 2d 107, has held that the word "theft" is not, like "larceny," a technical word of art with narrowly defined meaning, but a word of general and broad connotation, covering any criminal appropriation of another's property to taker's use, particularly including theft by swindling, false pretenses, embezzlement, or any other form of guile.

Therefore, in view of the above-cited authorities, we think petitioner has clearly established that he did sustain a theft loss in 1955 of $12,500 through his transactions with Robbins and doubtless he would be entitled to take that loss as a deduction in 1955 under our decision in *Morris Plan Co. of St. Joseph*, *supra*, except for one fact. That fact is, the law governing such a loss incurred in 1955 is not the same as it was in the *Morris Plan Co.* case. The law governing the instant case, section 165(a) and (e), I.R.C. 1954, is as follows:

SEC. 165. LOSSES.

(a) GENERAL RULE.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

      *       *       *       *       *       *       *

(e) THEFT LOSSES.—For purposes of subsection (a), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss.

Regulations section 1.165–8 (T.D. 6445 filed January 15, 1960) reads:

(a) Allowance of deduction. * * *

(2) A loss arising from theft shall be treated under section 165 (a) as sustained during the taxable year in which the taxpayer discovers the loss. See section 165 (e). Thus, a theft loss is not deductible under section 165 (a) for the taxable year in which the theft actually occurs unless that is also the year in which the taxpayer discovers the loss. * * *

As we have already stated, we think petitioner had a theft loss of $12,500 in 1955 when he loaned Robbins $12,500 secured by a check for $15,000 payable February 1, 1956, with a certificate of stock for 30,000 shares in Texas Empire Minerals, Inc., as collateral security, which certificate proved to be a forgery and for which transaction Robbins was subsequently indicted and convicted. But under the applicable statute and regulation quoted above, in order to get the deduction in 1955, it is not sufficient alone that petitioner prove that he had a theft loss in 1955, he must also prove that he discovered such loss in 1955.

Petitioner testified at some length as to the time when he discovered his theft loss. The upshot of his testimony was that sometime after he had made the loan of $12,500 to Robbins, he became suspicious that the $15,000 postdated check which Robbins had given him, secured by the certificate of 30,000 shares of Texas Empire Minerals, Inc., common stock, was worthless. He went to the bank on which the check was drawn and learned that Robbins had no funds in the bank, that the check was worthless, and later learned that the certificate of stock was a forgery. He testified he thought this was prior to Christmas 1955 but could not be sure.

We have examined petitioner's testimony carefully and it is too uncertain as to when he discovered that Robbins had victimized him with false pretenses for us to make a finding that his discovery of the theft was in 1955. Another fact in the record which convinces us that petitioner did not discover it in 1955 is that the joint income tax return of petitioners which is in evidence was signed by petitioners February 24, 1956, and it makes no claim for any deduction of a theft loss. On page 2 of the return are blank lines for the listing of: "Losses from fire, storm or other casualty, or theft." None are listed on the lines which are provided in the return for such purpose. We have carefully examined petitioners' return and nowhere do we find any mention made of petitioner's transaction with Robbins. Of course, it is true that the mere fact that petitioners made no claim in their return for the deduction of a theft loss in 1955 from this transaction with Robbins would not preclude their making such a claim in this proceeding. But we do think that where there is so much uncertainty from petitioner's

testimony as to just when he discovered his theft loss, the fact that he claimed no such theft loss on his return is a circumstance to be considered in concluding that petitioner did not discover such loss in 1955.

After careful consideration of petitioner's testimony and the whole record, we have found that petitioner did not discover his theft loss in 1955. In view of this finding, petitioners are not entitled to a theft loss deduction of $12,500 in 1955.

*Decision will be entered for the respondent.*