JOHN A. REMLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Remley v. Commissioner
Docket No. 6707-77.
United States Tax Court
T.C. Memo 1982-14; 1982 Tax Ct. Memo LEXIS 729; 43 T.C.M. (CCH) 284; T.C.M. (RIA) 82014; January 12, 1982. John A. Ramley, pro se. Ralph A. Eppensteiner, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Francis J. Cantrel pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, as amended, [1] and General Order No. 6 of this Court, 69 T.C. XV. [2] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1973 in the amount of $ 2,360.54. The issues *731 for decision are (1) whether this Court has jurisdiction to decide if a sale of a home in 1972 qualifies for section 1034 treatment (which petitioner sought in his petition) and (2) whether petitioner is entitled to a theft loss deduction claimed on his 1973 return under section 165. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided at Fairway Lane, Greenwich, Connecticut, on the date he filed his petition. He filed a timely individual Federal income tax return for the year 1973 with the Internal Revenue Service. Petitioner purchased a house at 1560 Harbert Avenue, Memphis, Tennessee, on February 10, 1952. Petitioner was married in 1933; his wife died in 1956. Petitioner and his family resided at the home in Memphis until sometime during 1962, at which time his youngest child left home for collge. Petitioner was not employed in the Memphis area after 1962. After 1962 petitioner's principal place of business was in New York City. During the period between 1962 and 1972 neither petitioner nor his family ever resided permanently in the *732 Memphis home. During 1972 and 1973 petitioner had a room at 17 West 32nd Street, New York, New York. The Memphis house was sold on June 15, 1972, for $ 31,146. On February 26, 1973, a home was purchased at Fairway Lane, Greenwich, Connecticut, by petitioner and his son. During the period 1962 through 1972 petitioner attempted unsuccessfully to rent the Memphis home. Except for short periods of time, the house remained vacant since 1962. Petitioner's mother and sister lived in the house during 1962, a friend of petitioner's daughter and her husband lived in the house for a year, and petitioner employed a watch guard for one month from November 1, 1969, to December 1, 1969. At some time during the 1962-1972 period, possibly more than once, the house was vandalized and furniture and personal property were stolen. Petitioner does not know when the theft or thefts occurred or who committed the thefts. He last contacted the Memphis police on April 18, 1973, at which time he was told there was no hope of recovery. The contents of the home were covered by fire insurance between June 22, 1970, and June 22, 1971. The contents were not covered by theft insurance. On his 1973 return *733 petitioner estimated the value of the stolen furnishings and other contents at $ 11,500. Based on furniture prices in 1976 in New York City, petitioner revised that estimate to $ 20,875 at trial. Some of the stolen furniture had been purchased as early as 1936. However, petitioner has not bought any furniture himself for 25 to 30 years. Petitioner, on his 1973 return reported a long-term capital gain on the sale of his Memphis home in the amount of $ 9,646. Respondent, in his notice of deficiency, reduced taxable income by the amount of the gain attributable to this sale on the ground that the gain was included in an incorrect year. On that return petitioner also reported a theft loss of $ 11,500 and, after subtracting the $ 100 floor, claimed $ 11,400 as a theft loss deduction, which respondent disallowed in full. OPINION At the trial respondent raised the jurisdictional issue. He contends that the gain on the sale of the Memphis home was reportable in 1972, the year it was sold, and thus the Court in reviewing the taxable year 1973 does not have jurisdiction to reach the merits of whether section 1034 applies. [3] We agree with respondent. *734 Our jurisdiction to redetermine a dificiency in tax is limited to those years for which a notice of deficiency has been mailed to the taxpayer. The Court's jurisdiction over other years is limited to a consideration of facts necessary to correctly determine the amount of the deficiency or overpayment for the year for which the notice of deficiency had been sent. Sections 6212, 6213, 6214. Commissioner v. Gooch Million & Elevator Co., 320 U.S. 418 (1943); Swaim v. Commissioner, 417 F.2d 358 (6th Cir. 1969), affg. an opinion of this Court 50 T.C. 336 (1968); Estate of Iverson v. Commissioner, 27 T.C. 786 (1957), affd. 255 F.2d 1 (8th Cir. 1958), cert. denied 358 U.S. 893 (1958). [4]
Section 1034(a) allows the nonrecognition of gain on the sale of the taxpayer's principal residence *735 if a new principal residence is bought within the period 12 months before or up to 12 months after the sale of the old principal residence. The gain on the sale of the old principal residence is not recognized if the cost of the new residence exceeds the adjusted sales price of the old residence as defined by section 1034(b). Since it cannot be determined what gain should be recognized until the cost of the new residence is determined or if none is purchased until after the grace period expires, section 1034(j) provides for an extension of the statute of limitations. The three-year period of limitations begins to run from the date the Secretary is notified of the taxpayer's purchase or failure to purchase within the 12-month period. However, gain is recognized and included in gross income in the year in which payment is received. Section 451. Section 1034 does not amend this rule. Section 1034 concerns only whether gain on the sale of a personal residence will be recognized, not when it will be recognized. Here the gain realized on the sale of petitioner's house in Memphis *736 was required to be reported on petitioner's tax return for 1972, the year of the sale. [5] If he intended to apply section 1034 to avoid recognition of the gain, he should have so indicated on his 1972 return. But the transaction (the sale) occurred in 1972 and will affect only 1972 income. Thus, we are without jurisdiction in this case to determine whether the sale qualified under section 1034 since the only year in issue is 1973. [6]
*737 Next, we turn to the theft loss issue. Section 165(c) permits individuals to deduct losses caused by the theft of nonbusiness property only to the extent that the loss from each theft exceeds $ 100 and is not reimbursed by insurance or otherwise. The amount of the loss is the lesser of the fair market value or the adjusted basis of the property stolen. Secs. 1.165-7 and 1.165-8, Income Tax Regs. A loss arising from theft is deductible in the taxable year in which the loss is sustained. Section 1.165-8(a)(1), Income Tax Regs. The theft loss shall be treated as sustained during the year in which the taxpayer discovers the loss. Section 165(e) and section 1.165-8(a)(2), Income Tax Regs. But, if in the year of discovery a claim for reimbursement exists for which there is a reasonable prospect of recovery, the loss is not deductible until the prospect for recovery or reimbursement is no longer reasonable. Sections 1.165-8(a)(2), 1.165-1(d)(3), Income Tax Regs.
Despite petitioner's inability to produce any probative documentary evidence *738 that a theft occurred, we are persuaded that a theft actually occurred. However, petitioner failed to establish by competent evidence the amount of the loss and was unable to establish the date or dates of the theft loss, nor did he testify as to the date the loss was discovered. The only date in the record in connection with the theft was April 18, 1973, the last time petitioner contacted the Memphis police concerning the loss. Furthermore, no reasonable prospect of recovery or claim for reimbursement has been argued. Since petitioner has failed to establish either the amount of the loss or the date the loss was discovered, he is not entitled to deduct the loss. [7]McKinley v. Commissioner, 34 T.C. 59 (1960); Elliott v. Commissioner, 40 T.C. 304 (1963). See also United States v. Rexach, 482 F.2d 10 (1st Cir. 1973), cert. denied 414 U.S. 1039 (1973). Finally, since there was no claim for reimbursement, the year of discovery and proper deductibility could not be 1973 when the *739 house had been sold in 1972. In accord with the foregoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in effect for the year at issue. ↩
2. Pursuant to General Order No. 6 dated March 8, 1978, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
3. Petitioner admitted at trial that reporting the gain on his 1973 return was in error.↩
4. See also Harris v. Commissioner, T.C. Memo. 1970-331↩, affd. in an unpublished order (9th Cir. 1972).
5. See sec. 1.1034-1(i), Income Tax Regs.↩
6. Petitioner is concerned that the Internal Revenue Service has received and held the tax he paid on the gain he reported on his 1973 return, and now argues that this Court has no jurisdiction in this case to determine whether that tax was due. However, the effect of the respondent's two adjustments in the notice of deficiency for 1973 is to eliminate the capital gain from petitioner's taxable income for 1973, and also the tax thereon, but to apply the tax petitioner paid on the gain he erroneously reported for 1973 to the deficiency in tax resulting from petitioner's erroneous deduction of the theft loss on his 1973 return. If respondent wants to claim that the gain on the sale of the Memphis house should have been taxed for 1972, because sec. 1034 is not applicable, he will have to issue a notice of deficiency for the year 1972, if it is still timely, and petitioner can petition this court for a determination of whether sec. 1034↩ is applicable to avoid recognition of the gain in 1972.
7. Since we reach this result, there is no need to discuss the value of the personal property lost due to the theft and vandalism.↩