T.C. Memo. 2004-191

UNITED STATES TAX COURT

MICHAEL E. YOAKUM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10203-02.                    Filed August 26, 2004.

<u>John Divens</u>, for petitioner.

<u>Donna L. Pahl</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine the following deficiencies in Federal income tax and related section 6662(a) accuracy-related penalties:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|---------------------------------------|
| 1997 | $218,137 | $43,627.40 |
| 1998 | 190,706 | 38,141.20 |
| 1999 | 167,818 | 33,563.60 |

Following concessions by the parties, we are left to decide whether petitioner may for the respective years deduct net operating loss (NOL) carryovers of $726,572, $726,572, and $703,308.[1]  We hold he may not.  Section references, unless otherwise indicated, are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

                         FINDINGS OF FACT

     Some facts were stipulated and are so found.  The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.  Petitioner resided in Pasadena, California, when his petition to this Court was filed.

     During 1978, 1979, and 1980, petitioner invested in the stock market primarily through the brokerage firm of Paine, Webber, Jackson & Curtis (Paine Webber).  Douglas Osborne (Osborne), a Paine Webber employee, was petitioner's stockbroker.

---

[1] The record contains sufficient evidence indicating that respondent determined appropriately that petitioner was liable for the referenced accuracy-related penalties.  See sec. 7491(c).  Because petitioner's brief is silent as to any issue concerning that determination, we treat petitioner as having conceded it in full.  See Rybak v. Commissioner, 91 T.C. 524, 566 (1988); Money v. Commissioner, 89 T.C. 46, 48 (1987).

On each day that Paine Webber was open for business, petitioner visited its office and invested approximately $500,000 to $1 million in speculative securities. From the time that petitioner arrived at Paine Webber's office, usually 6 to 6:30 a.m., he started drinking alcoholic beverages, supplied by Paine Webber, until he was high and happy but not stumbling drunk. He authorized each of his trades, and he was informed and knowledgeable as to all of his trades. Some of the trades resulted in gains, and some of them resulted in losses.

During 1980, petitioner had exhausted most of his funds, and he ceased his regular involvement with Paine Webber. In or about 1985, petitioner and his wife sued Paine Webber, Osborne, and others (collectively, the defendants) in a U.S. District Court, alleging that the defendants were liable for securities fraud, negligence, and breach of fiduciary duty in the handling of petitioner's accounts. The court dismissed the lawsuit as time barred by the applicable period of limitations and for failure to plead properly as to fraud. That dismissal was affirmed by the Court of Appeals for the Ninth Circuit.

On his 1986 Federal income tax return, petitioner claimed an $800,000 deduction for a casualty or theft loss. On his 1997, 1998, and 1999 Federal income tax returns, petitioner claimed that he was entitled to deduct with respect to that loss NOL carryovers of $726,572, $726,572, and $703,308, respectively.

In the notice of deficiency for the subject years, respondent determined that petitioner was not entitled to deduct any of the claimed NOL carryovers but, as to 1997, that petitioner was entitled to deduct a capital loss of $3,000. Respondent determined in the notice of deficiency that petitioner was no longer entitled to deduct a $3,000 capital loss for either 1998 or 1999.

OPINION

Petitioner argues in his brief that he is entitled to deduct the NOL carryovers at issue. According to petitioner, those carryovers are attributable to a theft that petitioner suffered in that "in essence Paine Webber stole his money from him by supplying him with alcoholic beverages and allowed him to make unwise investments that benefitted them directly" in the form of higher commissions. We disagree with petitioner's claim that he is entitled to deduct those NOL carryovers.

Section 172 allows a taxpayer to deduct an NOL for a taxable year. The amount of the NOL deduction equals the sum of the NOL carryovers plus NOL carrybacks to that year. Sec. 172(a); see also sec. 172(c) (NOL defined) and (d)(4)(C) (special rule as to casualty or theft losses allowable under section 165(c)(2) or (3)). Absent an election to the contrary, an NOL for any taxable year must first be carried back 3 years and then carried over 15

years. Sec. 172(b)(1)(A), (2), and (3).[2] Petitioner, as a taxpayer attempting to deduct an NOL, bears the burden of establishing both the existence of the NOL and the amount of any NOL that may be carried over to the subject years.[3] See Rule 142(a)(1); United States v. Olympic Radio & Television, Inc., 349 U.S. 232, 235 (1955); Keith v. Commissioner, 115 T.C. 605, 621 (2000). As part of that burden, petitioner must prove that he is entitled to deduct his claimed theft loss. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also Jones v. Commissioner, 24 T.C. 525, 527 (1955); Allen v. Commissioner, 16 T.C. 163, 166 (1951). Deductions are a matter of legislative grace and not a matter of right. United States v. Olympic Radio

---

[2] The Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1082(a)(1)and (2), 111 Stat. 950, amended sec. 172(b)(1)(A) to require generally a 2-year carryback and a 20-year carryover for NOLs incurred in taxable years beginning after Aug. 5, 1997. Petitioner in his brief claims without discussion that the 20-year rule applies. We disagree. The NOL at issue, if in fact incurred, was incurred well before the effective date of the 20-year rule.

[3] Sec. 7491(a) was added to the Code by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727, effective for court proceedings arising from examinations commencing after July 22, 1998. Sec. 7491(a)(1) provides that the burden of proof shifts to the Commissioner in specified circumstances. Petitioner makes no argument that sec. 7491(a)(1) applies to this case, and we conclude that it does not. See, e.g., sec. 7491(a)(2) (sec. 7491(a)(1) applies with respect to an issue only if the taxpayer meets certain requirements); see also Mediaworks, Inc. v. Commissioner, T.C. Memo. 2004-177.

& Television, Inc., supra at 235; Deputy v. du Pont, 308 U.S. 488, 493 (1940).

Petitioner has not established that he incurred an NOL or, if he did, the amount of any NOL that may be carried over to the subject years. First, as to his claimed theft loss, section 165(a) and (c)(3) generally allows a taxpayer such as petitioner to deduct losses from the theft of property if he establishes (1) that a theft occurred under the law of the jurisdiction where the alleged loss occurred, Monteleone v. Commissioner, 34 T.C. 688, 692 (1960), (2) the amount of the theft loss, Zmuda v. Commissioner, 79 T.C. 714, 728-729 (1982), affd. 731 F.2d 1417 (9th Cir. 1984), and (3) the date that the loss from the theft was discovered,[4] McKinley v. Commissioner, 34 T.C. 59, 63-64 (1960). River City Ranches # 1 Ltd. v. Commissioner, T.C. Memo. 2003-150. Here, petitioner through the limited record that he has chosen to build has not established any of the facts necessary to meet any of these requirements.

Second, even if petitioner had established those facts, he has not proven that any portion of an NOL that he incurred before 1997 was applied properly to one or more of the subject years. Petitioner must prove not only that he had an NOL in a year

---

[4] A theft loss is treated as sustained when discovered by the taxpayer, sec. 165(e), except to the extent that the taxpayer has a reasonable prospect of recovery, Viehweg v. Commissioner, 90 T.C. 1248, 1255-1256 (1988).

before 1997, but that a portion of the NOL was properly deductible in one or more of the subject years. See Jones v. Commissioner, 25 T.C. 1100, 1104 (1956), revd. and remanded on other grounds 259 F.2d 300 (5th Cir.1958); see also sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. (taxpayers must keep sufficient records to establish the amounts of any items reported on their Federal income tax returns). That burden requires at a minimum that he show that: (1) He had an NOL in at least one specified taxable year before 1997, (2) he elected to forgo a carryback of that NOL, see sec. 172(b)(3),[5] or, if he made no such election, the NOL could not be fully deducted against income in the 3 taxable years immediately preceding the taxable year of the NOL, (3) the NOL (as adjusted by the amounts deducted in carryback years) could not be deducted against income in the taxable years immediately and chronologically following the taxable year of the NOL, and (4) that 1997 is no more than 15 taxable years after the taxable year of the NOL that he seeks to deduct in 1997, and that 1998 and 1999 are no more than 15 taxable years after the taxable year of the NOL that he seeks to deduct in those respective years. See Green v. Commissioner, T.C. Memo. 2003-244; Lassiter v. Commissioner, T.C. Memo.

---

[5] Sec. 172(b)(3) allows a taxpayer to elect to relinquish the carryback period. Such an election must be made, in a prescribed manner, by the due date (including extensions) for filing the taxpayer's return for the NOL year in which the election is to be in effect. Id.

2002-25.  Petitioner has not met any of these requirements. While petitioner in retrospect apparently recognized that he had not met this burden through the evidence that is contained in the record, and attached to his brief an exhibit purporting to show his NOL carryovers from 1986 through 1999, we give no consideration to that exhibit as it is not evidence.  See Rule 143(b); see also <u>Harris v. Commissioner</u>, T.C. Memo. 1998-332 (documents attached to a brief are not evidence).

We sustain respondent's determination as to this issue in full.  All of petitioner's arguments have been considered, and we have concluded that those arguments not discussed herein are without merit.  To reflect respondent's concessions,

<u>Decision will be entered</u>
<u>under Rule 155</u>.